UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RANDY CHAMPION, et al.,<br><br>    Defendants. | Case No. 15-cv-01356-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: ECF Nos. 60, 61, 62, 63, 64, 65, 78 |

In this case alleging civil rights violations and other injuries related to the issuance and execution of a search warrant, Plaintiffs Robert Amatrone, Nicholas Amatrone, and Marla Sharlow, appearing pro se, seek damages from numerous Defendants. Currently before the Court are six motions to dismiss filed by: (1) Defendant Superior Court of California, County of Contra Costa County ("Superior Court"); (2) Defendants Contra Costa County, Contra Costa County Fire Protection District, Randy Champion, and Devon Bell ("County Defendants"); (3) Defendant State Farm Fire and Casualty Company ("State Farm"); (4) Defendant California Department of Insurance; (5) Defendant Nationwide Mutual Insurance Company ("Nationwide"); and (6) Defendant San Ramon Valley Fire Protection District ("San Ramon"); and Plaintiffs' Motion for a Joinder of Additional Defendants. ECF Nos. 60, 61, 62, 63, 64, 65, 78.

For the reasons set forth below, the Court will dismiss all claims as to all Defendants, except Plaintiffs' Americans with Disabilities Act ("ADA") claim against the County Defendants and Plaintiffs' section 1983 claim against Defendants Champion and Bell for violation of the Fourth Amendment. The Court will grant Plaintiffs' motion for leave to amend to join additional Defendants.

## I. BACKGROUND

### A. Factual Background

For the purpose of deciding these motions, the Court accepts as true the following factual allegations from the Plaintiffs' First Amended Complaint ("FAC"). ECF No. 54.

During a dispute between Plaintiff Robert Amatrone and consignment store owner Audrey Hahn over a Rolex watch and a defective watch winder, Hahn sought assistance from a personal friend, fire investigator Randy Champion. Id. ¶ 1. Champion conducted an investigation and compiled a 160-page report that included misstatements and fabricated documents, which he presented to a Contra Costa County Superior Court judge in order to obtain a search warrant. Id. The judge issued the warrant on March 21, 2014. Id.

On March 24, 2014, Randy Champion and officers of the Contra Costa Sheriff's Office, the Department of Insurance, and the Contra Costa District Attorney's Office entered Plaintiffs' residence at 228 Stone Valley Way, in Alamo, California. Id. ¶ 2. The officers kicked in the door, and entered armed with guns and assault rifles to search the property. Id. Officers pointed a gun at Plaintiff Marla Sharlow's head, pulled her phone away from her, and threw "a soaking wet balled up search warrant copy" at her. Id. The warrant was illegible. Id. Officers pulled Marla Sharlow's son out of the shower naked, pointed two guns at him, and placed him on the floor. Id. They also held the family's dogs at gunpoint. Id.

Investigators used coercive tactics to question Marla Sharlow about her husband. Id. ¶ 4. They lied to her, informed her that there was no spousal privilege, told her that the custody and well-being of her son were at stake, preyed on her mental disability, and forced her to leave the property. Id. During the search, Champion, Bell and employees of the California Department of Insurance, the Contra Costa District Attorney's Office, the Contra Costa Sheriff's Office, and the Contra Costa Fire Department planted evidence, destroyed personal and real property, and used excessive force to restrain Kyle Sharlow and Plaintiff Nick Amatrone. Id. ¶¶ 5-6. They confiscated computers, phones, and files belonging to Nick Amatrone and Marla Sharlow, including attorney-client files and documents belonging to Marla Sharlow's employer. Id. ¶¶ 6-7.

After the search, Plaintiffs sought an order recalling the warrant from the Contra Costa

County Superior Court. Id. ¶¶ 8-10. The matter was repeatedly rescheduled and reassigned to different judges. Id. In addition, the Superior Court denied Plaintiffs' request for an advocate pursuant to the Americans with Disabilities Act ("ADA") and, during one hearing, conducted an ex parte conversation with the District Attorney. Id. ¶¶ 8-9. A judge also denied Marla Sharlow's request that her files be returned. Id. ¶ 7. Although a judge ultimately granted Plaintiff Nick Amatrone the return of his phone and computer, Champion refused to return Amatrone's property, saying he did not recall the judge authorizing the return. Id. ¶ 10.

### B. Procedural Background

Plaintiffs filed their initial complaint in this action on March 19, 2015. ECF No. 1. They filed the operative FAC on June 10, 2015. ECF No. 54. They assert the following eleven numbered causes of action against the Superior Court, County Defendants, State Farm, California Department of Insurance, Nationwide, and San Ramon: (1) unlawful search and seizure; (2) defamation of character/coercion; (3) falsifying evidence and documents/ planting evidence/ staging evidence; (4) emotional distress; (5) assault of a disabled person; (6) destruction of real and personal property, theft of property, unlawful seizure of property; (7) violation of privacy and security of Plaintiffs' home under the Fourth Amendment of the U.S. Constitution; (8) violation of Plaintiffs' due process rights and rights of equal access to justice; (9) false imprisonment; (10) invasion of privacy; and (11) criminal trespass.[1] FAC at 5-8. Plaintiffs "pray for all investigation, harassment, slander and libel to cease and any written information [to be] destroyed," and also seek damages in the amount of $250,000,000.00 million for personal injury, defamation, mental trauma, financial loss, emotional distress, medical expenses and property damage. Id. at 9.

---

[1] The caption lists twenty-five causes of action, which are mostly duplicative of those listed in the body of the complaint: (1) unlawful search and seizure; (2) fraud; (3) defamation of character; (4) falsify evidence and documents; (5) planting evidence; (6) staging evidence; (7) emotional distress; (8) assault of a disabled person; (9) unlawful forced entry; (10) violating the knock rule; (11) unlawful breaking and entering; (12) unlawful entry into a tenant's room; (13) unlawful detainment; (14) unlawful seizure of property; (15) destruction of property; (16) false imprisonment; (17) malice, fraud, oppression; (18) violation of the Health Insurance Portability and Accountability Act ("HIPAA"); (19) violation of Privacy Act; (20) harassment; (21) violation of the First, Fourth, Sixth, and Fourteenth Amendments; (22) theft of personal property; (23) destruction of personal property; (24) coercion; (25) criminal trespass. ECF No. 54 at 1.

All Defendants move to dismiss the FAC. ECF Nos. 60, 61, 62, 63, 64, 65. Plaintiffs move to join additional Defendants. ECF No. 78.

## II.  MOTIONS TO DISMISS

### A.  Legal Standard

#### 1.  Federal Rule of Civil Procedure 12(b)(1)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

#### 2.  Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### B.  Discussion

The Court will consider each group of Defendants in turn.

#### 1.  Contra Costa County Superior Court (ECF No. 60)

"The Rooker-Feldman doctrine prevents the lower federal courts from exercising

1  jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered
2  before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006)
3  (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Thus, "[i]f a
4  federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks
5  relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter
6  jurisdiction in federal district court." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).  Because
7  "state courts are as competent as federal courts to decide federal constitutional issues," this rule
8  applies even where "the challenge to the state court decision involves federal constitutional
9  issues." Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).  The doctrine
10 applies to both final and non-final state court decisions. Id. at 893 n.3.

11     Plaintiffs contest a series of decisions made by Contra Costa County Superior Court
12 judges.  Specifically, they contest the issuance of a search warrant; a judge's statements
13 concerning the return of Marla Sharlow's property; judges' review of Plaintiffs' motion to quash
14 and recall the search warrant; the Superior Court's failure to hold a hearing on Plaintiffs' motion;
15 and the denial of Plaintiffs' request for an ADA advocate. FAC ¶¶ 1, 7-9.  They seek an order
16 requiring that "all investigation, harassment, slander and libel" cease and that any written
17 information relating to the search of their property be destroyed. Id. at 9.  Under the Rooker-
18 Feldman doctrine, this Court "has no authority to review" these decisions of state court judges.
19 Worldwide Church, 805 F.2d at 890; see also Roberts v. Los Angeles City Fire Dep't, 86 F. Supp.
20 2d 990 (C.D. Cal. 2000), aff'd, 23 F. App'x 267 (9th Cir. 2002) (dismissing complaint challenging
21 a search pursuant to an allegedly invalid warrant as precluded by the Rooker-Feldman doctrine).

22     Plaintiffs argue that their case falls within the fraud exception to the Rooker-Feldman
23 doctrine, and that this Court therefore has jurisdiction over their claims against the Superior Court.
24 ECF Nos. 68, 72.  A federal plaintiff may "seek to set aside a state court judgment obtained
25 through extrinsic fraud," because "[a] plaintiff alleging extrinsic fraud on a state court is not
26 alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse
27 party." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140-41 (9th Cir. 2004).  "In order to be
28 considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an

5

opportunity to present his claim or defense in court or deprives a party of his right to a day in court." Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978) (internal quotation marks and citations omitted); see also Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). Alleged fraud that goes to the "very heart of the issues contested in the state court action" is not extrinsic or collateral to the matters involved. Green, 577 F.2d at 1384.

Here, Plaintiffs cannot show that Champion's alleged fraud in obtaining the warrant prevented them from having the opportunity to present their claim in court or otherwise deprived them of their day in court, because the "Motion to Traverse, Motion to Quash and Recall Search Warrant and Injunction, and Motion for Sanctions and Damages" attached to their complaint demonstrates that Plaintiffs argued to the Superior Court that Champion's representations in obtaining the search warrant were "demonstrably baseless, conclusory, false and misleading, [and] amounted to a fraud on [the Superior] Court." FAC Ex. D. This filing contains a detailed account of Plaintiffs' allegations concerning the fraudulent contents and improper purpose of Champion's report. Id. Where, as here, Plaintiffs presented their arguments concerning fraud to the state court, the extrinsic fraud exception does not apply.

Accordingly, the Court concludes that Plaintiffs' challenges to the Superior Court's issuance of a warrant, resolution of Plaintiffs' motion to quash and recall the warrant, and denial of Plaintiffs' request for an ADA advocate amount to "a forbidden de facto appeal" under the Rooker-Feldman doctrine. Noel, 341 F.3d at 1158. "If the injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that the lower federal courts lack jurisdiction." Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003). All claims against the Superior Court are therefore dismissed without prejudice.[2] See Durbin v. Dubuque, 348 F. App'x 294, 295 (9th Cir. 2009) ("A dismissal under the Rooker-Feldman doctrine is a dismissal for lack of subject matter jurisdiction, Kougasian, 359 F.3d at 1139, and thus should be without prejudice, Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004)".).

---

[2] Because the Court concludes that it lacks jurisdiction to review the decisions of the Superior Court challenged in this action, it does not reach the Superior Court's arguments concerning the Eleventh Amendment and judicial immunity. ECF No. 60.

1  Under the Rooker-Feldman doctrine, "[a] federal district court dealing with a suit that is, in
2  part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the
3  forbidden appeal [and,] [a]s part of that refusal, it must also refuse to decide any issue raised in the
4  suit that is 'inextricably intertwined' with an issue resolved by the state court." Noel, 341 F.3d at
5  1158. "A claim is inextricably intertwined with a state court judgment if the federal claim
6  succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief
7  requested in the federal action would effectively reverse the state court decision or void its ruling."
8  Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (internal
9  quotation marks and citations omitted). "Where the district court must hold that the state court
10 was wrong in order to find in favor of the plaintiff, the issues presented to both courts are
11 inextricably intertwined." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th
12 Cir. 2001).

The County Defendants and Defendant San Ramon Valley Fire Department argue that because the source of Plaintiffs' injuries is the issuance of the search warrant and the Superior Court's subsequent refusal to hold a hearing, the entire FAC is "inextricably intertwined" with Plaintiffs' impermissible de facto appeal. ECF No. 61 at 8-9; ECF No. 65 at 9. To award Plaintiffs relief, they argue, this Court would need to improperly review the Superior Court's decisions. See ECF No. 61 at 8-9. This argument is correct to the extent Plaintiffs' claims are based on matters considered and resolved by the Superior Court, such as the validity of the search warrant and whether Plaintiffs were entitled to a hearing or an ADA advocate. Accordingly, counts 1, 8, 10, and 11, which are premised entirely on the alleged invalidity of state court actions, are dismissed, without prejudice, as to all Defendants.

The Court concludes, however, that the remaining claims are not inextricably intertwined with claims asserted in state court. There is no indication in the complaint or attached documents that the Superior Court addressed or resolved Plaintiffs' claims relating to defamation, planting evidence, emotional distress, assault, destruction and theft of property (including Champion's alleged refusal to return property notwithstanding a state court order), violation of the knock and announce rule, and false imprisonment. While allegations concerning officers' actions in the

course of executing the search appear in Plaintiffs' state court filings seeking an ex parte hearing, an order quashing and recalling the search warrant, and sanctions, Plaintiffs do not allege (and Defendants do not claim) that the Superior Court resolved these claims as to any, or all, Defendants currently before this Court. See FAC Exs. D, F. The crux of the "inextricably intertwined" inquiry is:

> whether there has already been actual consideration of and a decision on the issue presented. If consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision. If no consideration has been given, or any decision on the matter is ambiguous, it is unlikely that the issues presented to the state [] court and to the federal court are so "inextricably intertwined" that the federal court cannot take jurisdiction.

Worldwide Church, 805 F.2d at 892 (quoting Robinson v. Ariyoshi, 753 F.2d 1468, 1472 (9th Cir. 1985), vacated on other grounds, 477 U.S. 902 (1986)). Here, there is no indication that the Superior Court considered and decided the merits of Plaintiffs' defamation claim and allegations concerning the execution of, as opposed to the issuance of, the warrant. The Court would not need to hold that the state court erred in issuing the warrant, or in denying the motion to quash, in order to find in favor of Plaintiffs on these claims. See Doe, 252 F.3d at 1030. Accordingly, the Court concludes that the Rooker-Feldman doctrine does not bar Plaintiffs' suit in its entirety.

### 2. California Department of Insurance (ECF No. 63)

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." Id.; see also Shaw v. State of California Dep't of Alcoholic Beverages, 788 F.2d 600, 603-04 (9th Cir. 1986). Accordingly, all claims against the California Department of Insurance are dismissed without prejudice to Plaintiffs' right to seek any available relief in state court.[3]

### 3. County Defendants (ECF No. 61)

---

[3] The Court need not reach the California Department of Insurance's argument that it is not a "person" subject to suit under 42 U.S.C. section 1983. ECF No. 63.

8

The County Defendants argue that: (1) the FAC should be dismissed because Plaintiffs have not alleged any basis for federal court jurisdiction; (2) the FAC should be dismissed for failure to abide by Federal Rule of Civil Procedure 8(a)(2); (3) the FAC fails to state a section 1983 claim against Defendants Bell and Champion; (4) the FAC fails to state a Monell claim against the County; (5) Plaintiffs have failed to comply with the California Tort Claims Act.[4] ECF No. 61.

### a. Failure to State a Basis for Jurisdiction

Under Federal Rule of Civil Procedure 8(a)(1), a complaint must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support." The FAC includes no such statement, and the County Defendants and San Ramon contend that it should be dismissed on that basis. ECF No. 61 at 7-8; ECF No. 65 at 5.

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Although Plaintiffs' complaint does not include a formal statement concerning jurisdiction, it clearly asserts that officers executing a search of Plaintiffs' home on March 24, 2014, used excessive force, destroyed Plaintiffs' property, planted evidence, and "preyed upon [Plaintiff Marla Sharlow's] mental disability" in questioning her. See FAC ¶¶ 2-7. It explicitly cites the First, Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution, as well as 28 U.S.C. section 1983. The Court therefore concludes that the complaint adequately alleges a basis for this Court's subject matter jurisdiction. See 28 U.S.C. § 1331.

### b. Federal Rule of Civil Procedure 8

County Defendants and San Ramon also argue that the Court should dismiss the action for failure to comply with the Rule 8 requirement that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, citing McHenry v. Renne, 84

---

[4] County Defendants' argument concerning the application of the Rooker-Feldman doctrine is discussed above.

9

1   F.3d 1172, 1177-79 (9th Cir. 1996), and Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673
2   (9th Cir. 1981). ECF No. 61 at 9-10; ECF No. 65 at 7. In those cases, the Ninth Circuit reviewed
3   district court orders dismissing complaints with prejudice under Federal Rule of Civil Procedure
4   41(b) for failure to comply with an order to amend the complaint in accordance with Rule 8. "[A]
5   dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the
6   complaint is so 'verbose, confused and redundant that its true substance, if any, is well
7   disguised.'" Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969) (quoting Corcoran
8   v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965)). It is a "harsh remedy," and the court "should first
9   consider less drastic alternatives." McHenry, 84 F.3d at 1178; see also Hearns v. San Bernadino
10  Police Dep't, 530 F.3d 1124, 1130-33 (9th Cir. 2008). "The failure of a complaint to state a claim
11  upon which relief can be granted is usually dealt with by a motion made under Rule 12(b)(6)."
12  Gillibeau, 417 F.2d at 431.

Here, while the Court agrees that the FAC is confusing, especially insofar as it alleges eleven causes of action against all Defendants collectively, it cannot be described as "argumentative, prolix, replete with redundancy, and largely irrelevant[,] . . . consist[ing] largely of immaterial background information." McHenry, 84 F.3d 1177. The FAC is only nine pages long (although Plaintiffs have appended numerous exhibits), and includes organized factual allegations, eleven numbered causes of action, and a prayer for relief. Especially in view of the requirement that pro se filings be held to less stringent pleading standards, Erickson, 551 U.S. at 94, the Court does not view this as an "aggravated case" in which it should exercise its discretion to dismiss an action for failure to comply with the requirements of Rule 8(a)(2). Gillibeau, 417 F.2d at 431. Accordingly, the Court denies County Defendants and San Ramon's motion to dismiss the FAC for violation of Rule 8(a)(2) and will consider Defendants' arguments concerning Rule 12(b)(6) grounds for dismissal.

### c.   Section 1983 Claims

A section 1983 claimant must show: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v.

1   Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).  The inquiry is individualized, and must "focus on

2   the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

3   have caused a constitutional deprivation." Id. at 633.  However, an officer may be liable for the

4   conduct of others where he or she is an "integral participant" in the alleged constitutional

5   violation.  Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

6       Plaintiffs claim that Defendants violated their First, Fourth, and Sixth Amendment Rights.

7   FAC at 1-2.[5]  Nothing in the FAC, however, provides any indication of how any Defendant may

8   have violated Plaintiffs' First or Sixth Amendment rights.  See FAC ¶ 7 (alleging that holding

9   documents is a violation of the First Amendment), ¶ 8 (alleging that failure to file a civil or

10  criminal case against Plaintiffs is a violation of their Sixth Amendment rights), ¶ 10 (alleging that

11  refusal to return property is a violation of the Sixth Amendment); Count 4 (alleging that loss of the

12  enjoyment of life is a violation of the First Amendment); Count 6 (alleging that the taking of

13  documents and the destruction of property during search is a violation of the First Amendment).

14  Because Plaintiffs' 1983 claims for violation of the First and Sixth Amendments "lack[] a

15  cognizable legal theory," the Court dismisses them with leave to amend.  Mendiondo, 521 F.3d at

16  1104.

17      The basis for Plaintiffs' Fourth Amendment claim, on the other hand, is clear.  Plaintiffs

18  allege, inter alia, that officers kicked in their door, armed with guns and assault rifles, without

19  knocking and announcing their presence; pointed a gun at Marla Sharlow's head; threw a soaking

20  wet and illegible search warrant at her; pulled her son out of the shower naked, pointed two guns

21  at him, and placed him on the ground; held the family dogs at gunpoint; damaged doors and

22  furniture; questioned Marla Sharlow in a coercive manner by preying on her mental disability;

23  forced her to leave the property; planted evidence by bringing in a Rolex watch and other items;

24  destroyed real and personal property, including doors and furniture; used excessive force to

25  restrain Nick Amatrone and Kyle Sharlow; pushed Nick Amatrone down the stairs; attempted to

26  frame the Plaintiffs by using butane torches to place burn marks on items; tore car interiors; and

---

[5] Plaintiffs also reference the Fourteenth Amendment insofar as it incorporates the First and Fourth Amendments against the states.  FAC ¶¶ 4,6, Counts 6, 7.

11

1  disconnected the home video surveillance system when they realized that it was recording their
2  actions.  FAC ¶¶ 2-6; Count 6.

3  Officers' actions in executing a search warrant are subject to the Fourth Amendment's
4  reasonableness standard.  San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,
5  402 F.3d 962, 971 (9th Cir. 2005) ("An officer's conduct in executing a search is subject to the
6  Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the
7  moment of departure").  Officers may act unreasonably where they use excessive force and
8  needlessly destroy property.  See, e.g., Boyd v. Benton Cnty., 374 F.3d 773, 779-80 (9th Cir.
9  2004); Hells Angels, 402 F.3d at 975.

### i. Randy Champion and Devon Bell

Plaintiffs allege that Randy Champion, a fire investigator for Contra Costa County, was present during the search of the Alamo home, and that he participated in the coercive questioning of Marla Sharlow; planted evidence, destroyed personal and real property; and used excessive force to restrain Nick Amatrone and Kyle Sharlow, as described in more detail above.  FAC ¶¶ 2-7.  Plaintiffs also allege that, during the search, Devon Bell planted evidence and destroyed personal property.  Id. ¶¶ 6-7. Viewing the pleadings in the light most favorable to the Plaintiffs, and taking into consideration their pro se status, the Court concludes that they adequately state a section 1983 claim against Randy Champion and Devon Bell for violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.  While the FAC does not differentiate between the individual actions of the officers present at the scene, it does adequately describe the officers' conduct and allege that Champion and Bell were "integral participant[s]." Blankenhorn, 485 F.3d at 481 n.12; Aguilar v. City of South Gate, No. 12-cv-10669-ODW, 2013 WL 4046047, at *6 (C.D. Cal. Aug. 7, 2013) ("Though the FAC does not always name which officer committed each specific act during the incident – instead often referring to all of the officers as 'Defendants' or the 'police' – such specificity is not required at this stage.").  The FAC provides fair notice to Champion and Bell of what the claim is and the grounds upon which it rests.  See Twombly, 550 U.S. at 555.  Accordingly, the County Defendants' motion to dismiss is denied as to the section 1983 claim against Champion and Bell for violation of the Fourth

Amendment.

###### ii.     Contra Costa County

Under Monell v. Department of Social Services of the City of New York, "a local government may not be sued under section 1983 for an injury inflicted solely by its employees or agents." 436 U.S. 658, 694 (1978). In order to establish a governmental entity's liability under Monell, a Plaintiff must show that "a policy, practice, or custom of the entity . . . [was] a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). The FAC includes no allegations that would support Monell liability, and the section 1983 claim against the County (including its District Attorney's Office and Sheriff's Office), is therefore dismissed with leave to amend.

#### d.     State Law Claims

The County Defendants argue that Plaintiffs' state law tort claims fail because they have not alleged compliance with the California Tort Claims Act ("CTCA"). ECF No. 61 at 13-15. The CTCA "provides that 'no suit for money or damages may be brought against a public entity [or employee] on a cause of action until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . .'" Musaelian v. Sonoma Cnty. Sheriff's Dep't, No. 07-cv-00806-SI, 2007 WL 1864342, at *2 (N.D. Cal. June 28, 2007) (quoting Cal. Gov. Code § 945.4).[6] If the claim is rejected, the public entity must provide written notice, stating that, subject to certain exceptions, the claimant has only six months from the date the notice is mailed to file a court action on the claim. Id.; Cal Gov. Code §§ 913, 945.6(a)(1). "Courts generally construe the California Tort Claims Act statute of limitations strictly." Musaelian, 2007 WL 1864342, at *3.

Under California law, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." State v. Superior Court, 32 Cal. 4th 1234, 1239 (2004). Because the

---

[6] The CTCA does not apply to Plaintiffs' section 1983 claims. Barsch v. O'Toole, No. 07-cv-00615-SI, 2007 WL 1795750, at *2 (N.D Cal June 21, 2007) (citing Harding v. Galceran, 889 F.2d 906 (9th Cir. 1989)).

complaint does not include facts demonstrating or excusing compliance with the claim presentation requirement, the state law tort claims will be dismissed. D.V. v. City of Sunnyvale, 65 F. Supp. 3d 782, 786 (N.D. Cal. 2014).

The County Defendants argue that Plaintiffs should not be granted leave to amend the state law claims to allege compliance because these claims are time-barred and amendment would therefore be futile. ECF No. 61 at 13-15. Plaintiffs filed several government tort claims related to the search and the alleged defamatory statements that followed: on May 27, 2014 (Robert Amatrone and Marla Sharlow), June 6, 2014 (Robert Amatrone and Marla Sharlow), July 28, 2014 (Nick Amatrone), and August 15, 2014 (Robert Amatrone). Request for Judicial Notice, ECF No. 27, Exs. A-F.[7] The County mailed notices that the claims were rejected on July 8, 2014; September 9, 2014; and September 16, 2014. Id. The mailing of a rejection notice triggers the running of the CTCA's six-month limitation period. Chalmers v. Cnty. of Los Angeles, 175 Cal. App. 3d 461, 466 (1985).

Plaintiffs do not dispute that their initial complaint, filed on March 19, 2015, ECF No. 1, was filed outside the six-month limitations period following these tort claims, or that they received the required notice of the limitations period. They state only that they "believe that their claims against the Governmental agencies are not time barred as Defendants['] investigation and harassment and coercion of Plaintiffs, and witness continues and is still ongoing." ECF No. 68 at 2; ECF No. 72 at 3.

To the extent that Plaintiffs' state law claims are based on conduct that occurred after the search and unrelated to the "slander at public meeting" and "printed [libel] statements" described in Robert Amatrone's August 15, 2014 claim, amendment of their claims may not be futile. See Request for Judicial Notice Ex. F; FAC Count 2 (describing defamatory statements and witness intimidation "beginning in March of 2014 and continuing to this date"). Accordingly, the state law claims against the County Defendants are dismissed without prejudice.

---

[7] The Court grants Defendants' request that the Court take judicial notice of the Contra Costa County Board of Supervisors' records of Plaintiffs' claims. ECF No. 27; see Flores v. City of Hayward, 10-cv-2396-MEJ, 2010 WL 3490221, at *2 (N.D. Cal. Sept. 2, 2010). Plaintiffs do not dispute the contents of these public records.

### e. Americans with Disabilities Act

Although Count 5 is labeled "Assault of a Disabled Person," it alleges that Defendants violated the Americans with Disabilities Act ("ADA") during the search of Plaintiffs' home. Because the County Defendants do not argue that Plaintiffs have failed to state a claim under the Americans with Disabilities Act, the motion to dismiss is denied as to this claim.

### 4. San Ramon Valley Fire Protection District (ECF No. 65)

Although San Ramon is named as a Defendant, nowhere in the FAC do Plaintiffs attribute any wrongdoing to this Fire Protection District or its employees, or even allege that San Ramon employees were present during the search of Plaintiffs' home. To survive a 12(b)(6) motion, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiffs have not done so here, and the Court therefore grants San Ramon's motion to dismiss for failure to state a claim.[8]

San Ramon asks that this dismissal be with prejudice, noting that this is the Plaintiffs' second attempt to draft a tenable complaint. ECF No. 65 at 10. "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Here, Plaintiffs filed their FAC on their own initiative following the filing of numerous motions to dismiss, rather than in response to an order dismissing their claims. See ECF Nos. 8, 22, 26, 28, 32, 37, 54. The Court will therefore afford them an opportunity to correct the deficiencies identified in this order. The claims against San Ramon are dismissed without prejudice.

### 5. State Farm (ECF No. 62) and Nationwide (ECF No. 64)

The FAC also contains no allegations that insurance companies State Farm and Nationwide engaged in any wrongdoing. Plaintiffs allege that officers engaged in the search seized files regarding an ongoing insurance claim against State Farm, and suggest that they

---

[8] San Ramon's arguments concerning Plaintiffs' failure to state a basis for the Court's subject matter jurisdiction, Plaintiffs' failure to comply with Rule 8, and the Rooker-Feldman doctrine are addressed above.

intended to deter Nick Amatrone from pursuing this claim.  FAC ¶ 6, Count 6.  The only reference to Nationwide is a statement that the officers who accosted and threatened Marla Sharlow were aware of her medical leave claim with her employer, Nationwide.  Id.  Count 5.  The FAC does not allege that the insurance companies or their agents were complicit in or present at the search of Plaintiffs' home, or that they engaged in any other wrongdoing.  Because the FAC fails to state a claim against these Defendants, the claims against them will be dismissed.  In view of Plaintiffs' pro se status, this dismissal will be without prejudice.[9]

### III. MOTION FOR JOINDER

Plaintiffs seek leave to amend their complaint to include three additional Defendants.  ECF No. 78.  This request is unopposed.  Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires."  Accordingly, and in light of Plaintiffs' pro se status, the request for leave to amend the complaint to include additional Defendants is granted.  Plaintiffs are reminded, however, that this Court lacks jurisdiction over claims related to the issuance and validity of the search warrant.

### CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss: (1) all claims against the Superior Court; (2) all claims against the California Department of Insurance; (3) all claims against the County Defendants, except Plaintiffs' ADA claim and Plaintiffs' section 1983 claim against Defendants Champion and Bell for violation of the Fourth Amendment; (4) all claims against San Ramon; (5) all claims against State Farm; and (6) all claims against Nationwide.  The Court also grants Plaintiffs' motion for leave to amend to join additional Defendants.  Plaintiff may file an amended complaint within thirty days of the date of this order.

Any amended complaint must specify which allegations and claims are directed against each Defendant.  Plaintiffs must plead each claim with sufficient specificity to give Defendants sufficient notice of the nature of the claims leveled against them.  Plaintiffs are advised that a

---

[9] Because the Court grants Nationwide's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it does not address the alternative request that the Court strike the claims against Nationwide pursuant to California's anti-SLAPP rule. ECF No. 64.

failure to attribute allegations and causes of action to particular defendants may result in dismissal.

Plaintiffs are encouraged to seek the assistance of the Legal Help Center in amending their complaint. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California. Assistance is provided by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782–8982. Plaintiffs may also wish to consult the Northern District of California manual, <u>Representing Yourself in Federal Court: A Handbook for Pro Se Litigants</u>, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

IT IS SO ORDERED.

Dated: September 23, 2015

_____
JON S. TIGAR
United States District Judge