Robert Amatrone, Nicholas Amatrone, Marla Sharlow
In Pro Se
1132 NE 3rd Ave
Boca Raton FL  33432
Robertamatroneinc@yahoo.com

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALFORNIA

| | |
|---|---|
| ROBERT AMATRONE, NICK AMATRONE, MARLA SHARLOW<br><br>Plaintiff,<br><br>vs.<br><br>Randy Champion, Devon Bell, Contra Costa County District Attorney Office, Contra Costa County Fire Protection District, Contra Costa Sheriff, Officer C. Smith #427 DOI, Don Hendershot, Vic Massenkoff, Audrey Hahn, Claudiu Lupascu, Jerry Moore, Rob Marshall, DOES 1-50<br><br>,<br><br>Defendant | Case No.: C15-01356-JST<br><br><br>PLAINTIFFS FIRST AMENDED COMPLAINT |

**To the Honorable Judge Tigar:**

**JURY TRIAL DEMANDED**


  **Comes now** Plaintiffs Robert Amatrone, Nick Amatrone, and Marla Sharlow plaintiff's in the above titled cause and pursuant to FRCP 15 (a)(1)(A), file their first amended complaint against Defendants Randy Champion, Devon Bell, Contra Costa County District Attorneys Office, Vic Massenkff,  C. Smith officer #427 of the DOI, Don Hendershot, Audrey Hahn, Claudiu Lupascu, Jerry Moore, Rob Marshall and respectfully bring their causes of actions before this court.

**INTRODUCTION**

1. This is an action for Constitutional violations and violation of the ADA Act of 1990 as a result of unreasonable search and seizure and fraudulent issuance of a search warrant. Plaintiffs bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiffs of their federally-protected right to be free from unreasonable search and seizure, due process, deprivation of property and the ADA Act of 1990. (Amendements IV, VI, XIII).

2. This action is the result of a civil dispute regarding a defective product between Plaintiff Robert Amatrone and Estate Consignments store owner Audrey Hahn. Ms. Hahn had a personal relationship with Randy Champion who was called in to assist her with the dispute between Mr. Amatrone. Mr. Champion owed Ms. Han a favor and assisted her. It can be shown that as result of this personal relationship, Mr. Champion took a civil matter and turned in it into an alleged criminal matter. He perpetrated a fraud on the court by obtaining a fraudulent search warrant. Plaintiffs were deprived of their rights to be free from unreasonable search and seizure, due process, and deprived of their property as a result of the actions of all defendants

**II. JURISDICTION AND VENUE**

This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment and Sixth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution, along with a violation of the Federal ADA Act of 1990. This court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights).

### III. FACTS

1. A search warrant was issued by Contra Costa County Superior Court Judge to Randy Champion on March 21, 2014 on the basis of investigating a Rolex Watch and defective watch winder purchased from Estate Consignments by Robert Amatrone as a replacement for his son Nick Amatrone's heirloom watch. The watch was brought into the store to obtain an estimate of repair due to damage from an electric watch winder given by the store to Mr. Amatrone. The watch was brought to the store October 5, 2013. The watch sat in the store for over 10 weeks and was never sent out for an estimate of repairs. Randy Champion was a personal friend of the Audrey Hahn the store owner and had been given many discounted prices for items purchased from Estate Consignments. This is unethical conduct for Mr. Champion considering his position as a fire investigator for Contra Costa County. When the charge for the watch was suspended by American Express as Plaintiff Amatrone had requested their assistance to resolve the dispute, the consignment store owner requested assistance from Mr. Champion to write a reply. Instead Mr. Champion conducted an investigation into Mr. Amatrone and complete a 160 page report filled will fraudulent facts and made up documents, and misstatements, and turned a private civil dispute into a full blown alleged criminal investigation. This false information was given to a temporary night time judge to issue a search warrant for a Rolex watch however, Mr. Champion had possession of the watch since February 12th. The Judge issued the warrant on the 21st. Mr. Champions own statements in his brief state he has no evidence Mr. Amatrone started any of the fires and was on a "fishing expedition" to find information to prove criminal activity, and did not have enough information to meet the Hobbs standard for a issuance of a search warrant. This shows Mr. Champion perpetrated fraud on the court and violated the fourth amendment rights of the plaintiffs.

2. One March 24, 2014 Contra Costa Sheriffs Deputies, names not known until further discovery, Department of Insurance Investigator identified only as C Smith badge number 427 and one other unidentified DOI investigator, Contra Costa District attorney investigators, Devon Bell, Don Hedershot, Contra Costa Fire Investigator Randy Champion, and Vic Massenkoff along with Contra Costa Fire Department personnel

whose names are not know at this time until further discovery entered into the home on 228 Stone Valley Way Alamo CA which was the residence of Robert Amatrone, Marla Sharlow, Nick Amatrone, and Kyle Sharlow. The officers from Contra Costa Sherriff violated the knock-knock rule as they shouted out "Sheriffs Department" and immediately rammed in the door. They were all armed with guns and assault rifles. One gun pointed at Ms. Sharlow's head and her phone pull away from her while a soaking wet balled up search warrant copy was thrown at her chest by Mr. Champion. Officer C Smith from the Department of Insurance grabbed her phone out of her hand and would not allow her to make any calls. The search warrant was illegible and she was not allowed to read it. Ms. Sharlow's son was pulled out of the shower naked and had two guns pointed at him and placed on the ground after kicking in his door, by an unnamed Contra Costa Fire Department Officer. The family dogs were also held at gunpoint by Contra Costa Sheriff while the home was searched for Robert and Nick

3. Randy Champion and another investigator only identified as a Department of Insurance officer requested from Ms. Sharlow where Mr. Amatrones' Rolex Watch, his Glock Gun and his American Express statements were along with Nick Amatrones' room knowing full well that Champion had picked up the watch on February 21st, 2014 a full month before he applied for the search warrant. Ms. Sharlow stated Mr. Amatrone did not own a gun nor were there any weapons in the house. Mr. Amatrone has never had a gun permit. Nicholas Amatrone's name was not listed on the search warrant nor was Kyle Sharlow's. Furthermore Don Hendershot had a diagram of the home knowing exactly where every room was.

4. Randy Champion and the Department of Insurance investigator lied to Ms. Sharlow and her son, coerced her by asking her leading questions about her husband citing there was no spousal protection and the custody and wellbeing of her son was at stake. They preyed on her mental disability using her medical information from her employee file provided by Jerry Moore from Nationwide Insurance, further violating her rights under the HIPPA act and the ADA Act. They forced her to leave the property to discuss information further with Devon Bill, Randy Champion, and an unidentified Department of Insurance officer continually threating her regarding her son future, her employment, and potential arrest.

5. During the time the home. Champion, Officers from the California Department of Insurance, Investigators from the Contra Costa District Attorneys office, Officers from the Contra Costa Sheriff and Contra Costa Fire planted evidence, destroy personal and real property, held Nick Amatrone and Kyle Sharlow in their home taking their phones, id's and used excessive force to restrain them even though the house had been swept and neither one had a criminal record or acted uncooperative in anyway.

6. Randy Champion, Devon Bell, investigators of the Department of Insurance, Officers of the Contra Costa Sheriff planted evidence, staged evidence in the Alamo home by bringing in an a Rolex watch and various other items, using butane torches to place burn marks on the items and graphite to leave stains, specifically on fireplace hearth to frame the Plaintiffs. They took Ms. Sharlows' jewelry box and entered into Nick Amatrones' room a legal tenant of the property and not listed on the search warrant.  From his room they utilized Ms. Sharlows' jewelry and spread it on his bed photographing the jewelry as evidence of his personal property even though Ms. Sharlow had advised them the jewelry was hers exclusively and brought into the marriage.  Vic Massenkoff proceeded to remove Nick Amatrones' property including his computer, phone, and documents which contained attorney client files regarding an ongoing insurance claim against State Farm Insurance.  All of this documented by the home video surveillance system which was subsequently cut off by defendants once they realized their actions were being recorded.  C Smith badge number 427 from the California Department of Insurance during the raid of the home also confiscated Ms. Sharlows' computer, phone, and files belonging to her employer Travelers Insurance leaving her unable to work for 8 days or contact anyone from her work to provide them with notice. When Ms. Sharlow requested the boxes of files belonging to Travelers Insurance and containing confidential and proprietary information back the Contra Costa Superior Court Judge Harrison and Devon Bell stated she needed to call her boss and have Travelers get this information back. Ms. Sharlow is a legal custodian of the records and no charges had been filed against Ms. Sharlow.   To this date these documents are still being held by the Defendants.

7. Ms. Sharlow was forced to retain an attorney to obtain her Travelers computer and phone. These items were clearly marked as Travelers Property however C Smith badge number 427 still took the items. Ms. Sharlow had to retain an attorney or risk termination from her employment at Travelers to obtain her employers property from the California Department of Insurance. This cost Ms. Sharlow $3,500.00.

8. On June 23, 2014 Plaintiff's came before the Contra Costa Superior court for the Motion to Quash and recall the search warrant at 1:30 in Department 2 room 200. After waiting for three hours the Judge refused to allow the Franks hearing as he stated he did not think this was the correct department and the DA in the room along with the Judge were unfamiliar with the Franks Hearing. The hearing was rescheduled for July 24th 2014 with Judge Harrison in Department 2, Room 200 at 1:30 pm. During this hearing, the DA, Devon Bell and Randy Champion and a Department of Insurance representative were allowed an ex-parte with the Judge and Plaintiffs were not allowed to speak or to have their Franks Hearing nor allowed return of their documents seized from the property or copies of the seized documents. During the ex-parte hearing Judge Harrison took the file across the street to and had an ex-parte with another Judge creating bias with this judge who was ultimately reassigned to hear the case. Throughout this time still no case was filed either civil or criminal against any of the Plaintiffs.

9. Plaintiffs retained an ADA advocate to assist them with a Franks Hearing. The Superior Court Contra Costa County denied the Plaintiffs request for assistance of an ADA advocate.

10. On 8/1/2015 a hearing was brought before Judge Kennedy Plaintiff by Nick Amatrone for a motion for return of illegally seized property. After being sent across the hall by Judge Kennedy to have the case heard by Judge Burch, Plaintiff Amatrone was granted the return of his two Apple Iphone's and his two computers. He was denied any of his documents needed to continue his claim he had with State Farm in Nevada. He was to contact Randy Champion to pick up the items being held at the Contra Costa Fire protection district. When Plaintiff Nick Amatrone went to retrieve his property he was told by Mr. Champion that he did not recall the judge authorizing this return of property even though Plaintiff

Amatrone had the minute order. Robert Amatrone was present at this time. As of this date the property has not been returned.

11. Plaintiffs are currently ignorant of the true names and capacities, inclusive, whether individual, corporate, associate or otherwise, of the defendants sued herein under the fictitious names: "DOES 1 through 50," inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed, believes, and thereon alleges, that each of the fictitiously named DOE defendants is legally responsible in some manner for each and every act, omission, event, occurrence, and obligation alleged herein, and for the resulting damage/injury suffered by the Plaintiffs.

12. Plaintiffs are informed, believe, and thereon alleges, that each of the defendants named herein, including those defendants named as DOE defends, acted as the agent, employee, representative, partner, joint-venturer, or co-conspirator of each of the other defendants named herein in the commissions of the acts and omissions to act as such agent, employee, representative, partner, joint-venture, or co-conspirator, and with the express and/or implied permission, consent, authorization and ratification of each co-defendant. Plaintiff is further informed, believes, and thereon alleges, that the acts of each such defendant together constitute a single and continuing course of conduct.

### IV. PLAINTIFFS' CIVIL RIGHTS CLAIM

*The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983*

Plaintiffs allege that Defendants, jointly and/or severally, deprived Plaintiffs' of their Fourth Amendment rights, and those rights, privileges, and immunities secured by the Sixth Amendment to the Constitution as

incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiffs rights in the following ways:

    (a) Audrey Hahn obstructed a potential civil case over a defective product that was sold by Claudiu Lupuscu by utilizing her personal relationship with Randy Champion from Contra Costa Fire to move the case to an alleged criminal act.

    (b) Randy Champion in his professional capacity began a personal vendetta against Robert Amatrone in order to further his career. Mr. Champion completed a 160 page report full of falsehoods in order to obtain a search warrant for a fishing expedition. He admitted that Amatrone and Sharlow had no know criminal history. He interviewed sources from Insurance Companies and Fire Investigators about Sharlow and Amatrone. Persons from these companies that had no personal knowledge of Amatrone and Sharlow. He utilized this information by twisting facts to fit into his favor to obtain the warrant.

    (c) Defendant Allstate Insurance company provided confidential medical information and automobile claim information to Randy Champion which he used to obtain the fraudulent search warrant for a watch.

    (d) Defendants jointly and severally, including but not limited to, Randy Champion and Contra Costa Fire, Contra Costa Sheriff, Contra Costa District Attorney, Devon Bell, Don Hendershot, C Smith badge #427 from Department of Insurance, along an unnamed officer from the Department of Insurance, Vic Massenkoff, violated Plaintiff's fourth amendment rights by violating the knock-knock rule, using excessive force upon Plaintiffs, utilizing weapons when the search warrant was issued for a watch. The broke the front door, bedroom doors, destroyed the interior of a Chrysler 300 after breaking into the locked vehicle, spilling paint over the back of the 2007 Hummer, took registrations, passports, id's, and insurance cards. Taking all property belong to everyone in the home, one person and tenant not listed on the search warrant and one adult child not listed on the search warrant. The white carpet throughout the house destroyed by muddy boots as the search was conducted on a rainy day. The entire interior of the home turned upside down along with the garage. The family dogs forced to be

1  outside in the rain. Plaintiffs Sharlow and Nick Amatrone were not allowed to utilize the restrooms or
2  move from their spots for hours, nor was Kyle Sharlow.  They used excessive force when Contra
3  Costa Fire handcuffed an adult child, pulling him out of the shower naked wherein it was obvious he
4  could not possibly have a weapon.  Furthermore, the legal tenant Nick Amatrone was pushed down the
5  stairs after he antagonized Vic Massenkoff for entering and destroying his room.
6  (e) Defendant Devon Bell and Randy Champion along an investigator from the Department of Insurance
7  violated Plaintiffs Sixth Amendment rights for due process.  They held exparte hearings with the
8  Judges from Contra Costa County in chambers and Plaintiffs were not allowed to have their day in
9  Court.  Randy Champion refused to abide by a minute order to return Nick Amatrone's property,
10  resulting in an obstruction of justice as Nick could not continue his claim with State Farm Insurance in
11  Nevada, and his claim was denied.  Nick has suffered a loss of his first home, his personal property and
12  had to move back in with his parents as a result of the defendants actions.
13  (f) Randy Champion and Vic Massenkoff along with a Contra Costa Sheriffs Officer, brought in evidence
14  after they cut the home video surveillance system.  Prior to the surveillance system being disconnected
15  the unknown Department of Insurance Investigator was captured on tape bringing in a box of evidence
16  including a Rolex watch (from the Consignment store) to be staged throughout the home.  These items
17  were placed on the white fireplace hearth along with the remains of the watch winder, and the entire
18  hearth sprayed with black graphite water solution that stained the white painted surface.  Leaving an
19  outline of what had been placed there.  Furthermore a 6 by 8 inch piece of carpet was removed from in
20  front of the fireplace.
21  (g) Contra Costa District Attorney Investigators and Contra Costa Fire Investigators staged evidence in
22  Nicholas Amatrone's room by removing (and subsequently broke) Ms. Sharlow's heirloom jewelry
23  box from the master bedroom and placing it all in Nick's room in various areas and took photos.
24  (h) Randy Champion and the unknown investigator from the Department of Insurance, interrogated Ms.
25  Sharlow. This unknown investigator and Champion had personal knowledge of her medical condition

provided to them by Jerry Moore of Nationwide Insurance as had a disability claim with her previous employer for Stress along with a nervous breakdown. The investigators used this information of her medical condition to benefit their investigation. This is a violation of the ADA Act of 1990 and the HIPPA Act. They advised Ms. Sharlow to leave her husband Mr. Amatrone, they threatened to have her arrested and contact her employer regarding the alleged fraud her husband was committing. As a result of their actions Ms. Sharlow was unable to return to her home and suffered PTSD resulting in medical and physiatrists bills. She separated from her husband. They called Ms. Sharlow's son 5 days later to make sure a restraining order and a divorce was filed by Ms. Sharlow against Mr. Amatrone. A clear violation of Ms. Sharlow's rights under the fourteenth amendment.

(i) As a result of Randy Champions investigation, Plaintiff Robert Amatrone suffered defamation of character when he was mentioned on line in the minutes/agenda from the Contra Costa Fire Protection District Advisory Fire Commission meeting of 4-14-2014. A summary of the raid of the home from the search warrant, listed Mr. Amatrone as suspect in an extensive insurance fraud ring and that he would be charged with arson, the intent to defraud, burglary, fraud, grand theft and the possession of a watch with the serial numbers removed. Mr. Amatrone had relocated to Florida for a new job and ultimately lost this job due to the information on the internet about him when a background check was completed. He has been unable to find another job, and lost his reputation in California due to this fraudulent information. He lost time and affection of his wife due to the actions of Champion, Devon Bell, California Department of Insurance, Contra Costa Sheriff, Audrey Hanh, Contra Costa Fire, and Rob Marshall as a result of the fraudulent search warrant and unlawful search and seizure. Mr. Amatrone, Ms. Sharlow, and Nick Amatrone, have all suffered health conditions due to this ongoing case that is being created against Mr. Amatrone. Mr. Amatrone has been deprived of his rights under the 14th amendment due to the fraudulent investigation and seizure of property.

(j) Plaintiff Nick Amatrone has been deprived of his rights under the amendments due to the actions of all parties jointly and/or severally as he was unable to continue through school, suffered defamation of

character as many of the investigators were customers of Starbucks where he was an employee. His disability was aggravated as his property was taken. He suffered emotional distress after being held prisoner in his own home. His phone and computer with contacts for friends and relatives have been held for 18 months. He lost many of his friends due to the publication about his father.

(k) In addition the causes of action above plaintiffs also cite Defendants jointly and/or severally committed against each plaintiff:

    a. Unlawful search and seizure

    b. Defamation of character/coercion

    c. Falsifying evidence and documents/planting evidence/staging evidence

    d. Emotional distress

    e. Assault of a disabled person

    f. Destruction of real and personal property, theft of property, unlawful seizure of property

    g. Violation of privacy and security of Plaintiffs' home under the Fourth Amendment of the U.S. Constitution;

    h. Violation of Plaintiffs' due process rights and rights of equal access to justice;

    i. False imprisonment

    j. Invasion of privacy

    k. Criminal trespass

## III. PRAYER FOR RELIEF

Plaintiffs pray for all investigation, harassment, slander and libel to cease and any written information destroyed and removed from the internet to clear each name and all property taken in the raid to be returned to Plaintiffs at their residence in Florida.

Plaintiffs together as one, pray for monetary remedy of damages in the amount of $250,000,000.00 million dollars jointly by all defendants, for personal injury, defamation, mental trauma, financial, emotional distress, medical bills, property damage, character assassination, violation of civil rights, loss of earnings, loss of affection, loss of business relationships, loss of reputation, loss of friendships, acquaintances, medical bills, counseling, destruction of our family home wherein we were to retire, loss of enjoyment of personal lives, and other damages as the judge or jury deems appropriate .

We request a jury trial to resolve the other issues so noted by the court and punitive damages.

Dated this 11th day October 2015.

/s/Robert Amatrone
Robert Amatrone

-/s/Nicholas Amatrone
NicholasAmatrone

-/s/Marla Sharlow
Marla Sharlow