UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RANDY CHAMPION, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-01356-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF No. 93, 103 |

Before the Court are two Motions to Dismiss Plaintiffs' Second Amended Complaint.  The first is filed by Defendants Contra Costa County, Contra Costa County Fire Protection District, Randy Champion, and Devon Bell.  ECF No. 93.  The second is filed by Defendants Audrey Hahn and Claudiu Lupascu.  ECF No. 103.  Plaintiffs filed an opposition to the second motion, but not the first.  ECF No. 104.  The Court will grant both motions.

## I.       BACKGROUND

The Court previously dismissed the majority of the claims in Plaintiffs' prior complaint, although largely with leave to amend.  ECF No. 91.  The same order also granted Plaintiffs' motion to join additional defendants.  Id.

### A.       Factual Background

Plaintiffs' factual allegations in their operative complaint are substantially similar to those in their prior complaint.  For the purpose of deciding these motions, the Court accepts as true the following factual allegations from the Plaintiffs' Second Amended Complaint ("SAC").  ECF No. 92.[1]

During a dispute between Plaintiff Robert Amatrone and consignment store owner Audrey

---

[1] Though the complaint is labeled on the docket as the Plaintiffs' First Amended Complaint, the Plaintiffs previously filed an amended complaint.  See ECF No. 54.

United States District Court
Northern District of California

Hahn[2] over a Rolex watch and a defective watch winder, Hahn sought assistance from a personal friend, fire investigator Randy Champion. Id. ¶ 1. Champion conducted an investigation and compiled a 160-page report that included misstatements and fabricated documents, which he presented to a Contra Costa County Superior Court judge in order to obtain a search warrant. Id. The judge issued the warrant on March 21, 2014. Id.

On March 24, 2014, Randy Champion and officers of the Contra Costa Sheriff's Office, the Department of Insurance, and the Contra Costa District Attorney's Office barged into Plaintiffs' home at 228 Stone Valley Way, in Alamo, California. Id. ¶ 2. The officers kicked in the door, and entered armed with guns and assault rifles to search the property. Id. They did not provide knock notice before entering the home. Id. Officers pointed a gun at Plaintiff Marla Sharlow's head, pulled her phone away from her, and threw "a soaking wet balled up search warrant copy" at her. Id. The warrant was illegible. Id. Officers pulled Marla Sharlow's son out of the shower naked, pointed two guns at him, and placed him on the floor. Id. They also held the family's dogs at gunpoint. Id.

Investigators used coercive tactics to question Marla Sharlow about her husband. Id. ¶ 4. They lied to her, informed her that there was no spousal privilege, told her that the custody and well-being of her son were at stake, preyed on her mental disability, and forced her to leave the property. Id. During the search, Champion, Bell and employees of the California Department of Insurance, the Contra Costa District Attorney's Office, the Contra Costa Sheriff's Office, and the Contra Costa Fire Department planted evidence, destroyed personal and real property, and used excessive force to restrain Kyle Sharlow and Plaintiff Nick Amatrone. Id. ¶¶ 5-6. They confiscated computers, phones, and files belonging to Nick Amatrone and Marla Sharlow, including attorney-client files and documents belonging to Marla Sharlow's employer. Id. ¶¶ 6-7.

After the search, Plaintiffs sought an order recalling the warrant from the Contra Costa County Superior Court. Id. ¶¶ 8-10. The matter was repeatedly rescheduled and reassigned to different judges. Id. In addition, the Superior Court denied Plaintiffs' request for an advocate

---

[2] Both Ms. Hahn's own briefs and Plaintiffs' brief refer to her alternatively as "Ms. Hahn" and "Ms. Han."

pursuant to the Americans with Disabilities Act ("ADA") and, during one hearing, conducted an ex parte conversation with the District Attorney. Id. ¶¶ 8-9.  A judge also denied Marla Sharlow's request that her files be returned.  Id. ¶ 7.  Although a judge ultimately granted Plaintiff Nick Amatrone the return of his phone and computer, Champion refused to return Amatrone's property, saying he did not recall the judge authorizing the return.  Id. ¶ 10.  As of the date of the filing of the complaint, the property had not been returned.  Id.

### B.    Procedural Background

Plaintiffs filed their initial complaint in this action on March 19, 2015, ECF No. 1, and their First Amended Complaint on June 10, 2015, ECF No. 54.  On September 23, 2015, the Court addressed six motions to dismiss the First Amended Complaint.  ECF No. 91.  That order dismissed all of Plaintiffs' claims without prejudice except for their Section 1983 claims against Mr. Champion and Mr. Bell, and their claims under the American Disabilities Act ("ADA").

On October 26, 2015, a Motion to Dismiss was filed by Contra Costa County, Contra Costa County Fire Protection District, Randy Champion, and Devon Bell ("Contra Costa Defendants").  ECF No. 93.  Plaintiffs did not oppose the motion.  See ECF No. 99.  On January 13, 2016, a second Motion to Dismiss was filed by Defendants Audrey Hahn and Claudiu Lupascu.  ECF No. 103.  Plaintiffs opposed that motion.  ECF No. 104.  In addition, the operative Second Amended Complaint also names as Defendants Officer C. Smith #427 DOI, Don Hendershot, Vic Massenkoff, Jerry Moore, Rob Marshall, and Does 1-50.  SAC at 1.

While their previous complaint listed eleven causes of action, the SAC lists all claims under only a single header titled "Plaintiffs' Civil Rights Claim."  However, as discussed below, and construing the pleading papers liberally,[3] the Court believes that Plaintiffs seek to bring Section 1983 claims based on the Fourth and Sixth Amendments, claims under the ADA and the Health Insurance Portability and Accountability Act ("HIPAA"), and state law claims for "unlawful search and seizure," "defamation of character/coercion," "falsifying evidence and

---

[3] "A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

United States District Court
Northern District of California

documents/planting evidence/staging evidence," "emotional distress," "assault of a disabled person," "destruction of real and personal property, theft of property, unlawful seizure of property," "[v]iolation of privacy and security of Plaintiffs' home under the Fourth Amendment of the U.S. Constitution," "[v]iolation of Plaintiffs' due process rights and rights of equal access to justice," "false imprisonment," "invasion of privacy," and "criminal trespass."  SAC at 7-11.

## II.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.    DISCUSSION

Because the majority of the complaint appears to be aimed at the Contra Costa Defendants, the Court begins by addressing their motion.  Contra Costa Defendants argue that many of Plaintiffs' claims continue to suffer from the same deficiencies identified in the Court's previous order granting in part and denying in part the Defendants' earlier motions to dismiss.  Thus, the Court will refer to its September 23, 2015 order, ECF No. 91, when appropriate.  In short, the Court concludes that Plaintiffs have failed to plausibly plead any claim against the Contra Costa Defendants, with the exception of their Section 1983 claims in regards to Fourth Amendment violations allegedly committed during the entrance and search of their home, and those claims

United States District Court
Northern District of California

1    only as to the individual defendants.  Accordingly, Contra Costa Defendants' Motion to Dismiss is

2    granted.

3         A.    Section 1983 Claims

4              Plaintiffs bring Section 1983 claims based on the Fourth and Sixth Amendments, as

5    applied to the states through the Fourteenth Amendment.  SAC at 7.

6              1.    Sixth Amendment

7              In its September 23, 2015 order, the Court dismissed all of Plaintiffs' claims under the

8    Sixth Amendment because they failed to plead any facts that suggested Defendants violated their

9    Sixth Amendment rights in some way.[4]  ECF No. 91 at 11.  Plaintiffs' current complaint alleges

10   that Defendants violated Plaintiffs' Sixth Amendment rights "for due process."  SAC at 9.  They

11   allege that Defendants "held exparte hearings with the Judges from Contra Costa County in

12   chambers and Plaintiffs were not allowed to have their day in Court."  Id.  They allege that "Randy

13   Champion refused to abide by a minute order to return Nick Amatrone's property, resulting in an

14   obstruction of justice as Nick could not continue his claim with State Farm Insurance in Nevada,

15   and his claim was denied."  Id.  Finally, they allege that "Nick has suffered a loss of his first

16   home, his personal property and had to move back in with his parents as a result of the defendants

17   actions."  Id.

18             The Court has already explained, and does so again below, that under the Rooker-Feldman

19   it is unable to review the Contra Costa County Superior Court's adjudication of Plaintiffs' motion

20   to quash and recall the search warrant.  See ECF No. 91 at 5-7.  Accordingly, Plaintiffs'

21   allegations that they were deprived of due process and their day in court cannot support a plausible

22   claim.  Plaintiffs' remaining allegations, as before, are insufficient to support a cognizable theory

23   that their Sixth Amendment rights were violated.  Refusal to return property, obstructing an

24   individual's claim process with a private insurance company, and loss of personal property do not

25   suggest Sixth Amendment violations.  See ECF No. 91 at 11 (discussing allegations in Plaintiffs'

26   previous complaint that refusal to return property and destruction of property violated their Sixth

27

28   [4] The Court also dismissed Plaintiffs' Section 1983 claims under the First Amendment for the
     same reason.  Plaintiffs no longer bring a First Amendment claim.

United States District Court
Northern District of California

1   Amendment rights).

2   **2.      Fourth Amendment**

3          Plaintiffs' allegations in regards to their Section 1983 claims based on Fourth Amendment

4   violations can be separated into two categories.  First, Plaintiffs allege that the search warrant was

5   fraudulently obtained, as "Randy Champion completed a 160 page report full of falsehoods in

6   order to obtain a search warrant for a fishing expedition."  SAC at 8.  Second, they allege that

7   various Defendants committed numerous Fourth Amendment violations during their entrance and

8   search of Plaintiffs' property, including violating the knock-and-announce rule, using excessive

9   force, destroying property, and planting and fabricating evidence.  SAC at 8-9.

10         The Court previously addressed both of these categories of allegations in its September 23,

11  2015 order.  In relation to Plaintiffs' allegations regarding the issuance of the search warrant, the

12  Court explained that these claims are barred under the Rooker-Feldman doctrine because they

13  challenge a decision of the state court.  ECF No. 91 at 5-7.  "The Rooker-Feldman doctrine

14  prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court

15  losers' challenging 'state-court judgments rendered before the district court proceedings

16  commenced.'"  Lance v. Dennis, 546 U.S. 459, 460 (2006) (quoting Exxon Mobil Corp. v. Saudi

17  Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Thus, "[i]f a federal plaintiff asserts as a legal

18  wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

19  judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal

20  district court."  Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).  Plaintiffs' Fourth Amendment-

21  related claims regarding the issuance of the search warrant are therefore dismissed.

22         In relation to Plaintiffs' allegations regarding Defendants' conduct during the entrance and

23  search of Plaintiffs' house, the Court concluded these allegations supported a plausible Section

24  1983 claim for violations of the Fourth Amendment as to the individual Defendants.  ECF No. 91

25  at 11-12.  It noted, however, that Plaintiffs had failed to plead any allegations as to how defendant

26  Contra Costa County (including its District Attorney's Office and its Sheriff's Office) caused the

27  violations through some kind of policy or custom.  Id. at 13.  Under Monell v. Department of

28  Social Services of the City of New York, Plaintiffs must show that "a policy, practice, or custom

United States District Court
Northern District of California

6

1  of the entity . . . [was] a moving force behind a violation of constitutional rights."  <u>Dougherty v.</u>

2  <u>City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011) (citing <u>Monell</u>, 436 U.S. 658, 694 (1978)).

3  Plaintiffs' SAC again does not include any allegations regarding the County's involvement.

4  Accordingly, their claims against Contra Costa County District Attorney Office, Contra Costa Fire

5  Protection District, and Contra Costa Sheriff are dismissed.

6         In sum, Plaintiffs retain their Section 1983 claims under the Fourth Amendment, but only

7  in relation to the conduct of officers during the entrance and search of the house, not in relation to

8  the issuance of the warrant, and only in relation to the individual Defendants and not the County

9  defendants.  All other Section 1983 claims are dismissed.

10        **B.     ADA and HIPAA Claims**

11        Because the Defendants did not previously argue that Plaintiffs had failed to state claim

12  under the ADA and HIPAA, the Court's September 23, 2015 order did not address or dismiss

13  those claims.  ECF No. 91 at 15.  Contra Costa Defendants now argue that Plaintiffs have not

14  provided any allegations to support a plausible claim for relief under either the ADA or HIPAA.

15  ECF No. 93 at 13.

16        Plaintiffs allege that during the search, Randy Champion and an unknown investigator

17  interrogated Ms. Sharlow and had personal knowledge of her medical condition.  SAC at 9-10.

18  They allege that Jerry Moore of Nationwide provided this information to them, that they used it to

19  benefit their investigation, and that "[t]his is a violation of the ADA Act of 1990 and the HIPPA

20  Act [*sic*]."  SAC at 10.

21        Plaintiffs do not specify the title or section of the ADA on which their claims are based.

22  Defendants argue that there is no title of the ADA under which Plaintiffs' allegations plausibly

23  entitle them to relief.  ECF No. 93 at 13.  The Court agrees.  Plaintiffs have not alleged that Ms.

24  Sharlow is a qualified individual with a disability, <u>see</u> 42 U.S.C. § 12102, nor have they alleged

25  discrimination against her based on her disability.  Instead, the crux of their allegations appears to

26  be that her privacy was violated by the disclosure of her medical condition to Defendants.  This is

27  not a cognizable claim under the ADA.

28        HIPAA was intended by Congress, in part, to "recogniz[e] the importance of protecting the

United States District Court
Northern District of California

7

privacy of health information in the midst of the rapid evolution of health information systems." Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1084 (9th Cir. 2007) (internal quotation marks and citation omitted).  However, HIPAA does not provide for a private right to court action. Id. at 1082; see also Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) ("Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement).  While the requirements set out by HIPAA may be used to bring claims under relevant state law, see, e.g., Webb, 499 F.3d at 1082, Plaintiffs cannot assert a claim based on HIPAA alone.  Accordingly, the Court concludes that Plaintiffs have not alleged a cognizable claim under HIPAA.

### C.    State Law Claims

Lastly, Plaintiffs appear to bring a number of state law claims.  They allege that Robert Amatrone "suffered defamation of character when he was mentioned on line" in a "summary of the raid of the home from the search warrant."  SAC at 10.  As a result of this, they allege that Robert Amatrone "has been unable to find another job, and lost his reputation in California due to this fraudulent information," that he has "lost time and affection of his wife," and that all Plaintiffs "have suffered health conditions."  Id.  They also allege that Nick Amatrone "suffered defamation of character as many of the investigators were customers of Starbucks where he was an employee," that he suffered emotional distress and his disability was aggravated, and that he has been deprived of personal property and lost many of his friends.  Id.

In addition to defamation, Plaintiffs also list, as "causes of action" under the "Plaintiffs' Civil Rights Claim" section of their complaint, the following: "Unlawful search and seizure," "Falsifying evidence and documents/planting evidence/staging evidence," "Emotional distress," "Assault of a disabled person," "Destruction of real and personal property, theft of property, unlawful seizure of property," "Violation of privacy and security of Plaintiffs' home under the Fourth Amendment of the U.S. Constitution," "Violation of Plaintiffs' due process rights and rights of equal access to justice," "False imprisonment," "Invasion of privacy," and "Criminal trespass."  SAC at 11.  Though Plaintiffs do not elaborate further on any of these claims, the Court notes that they are identical to the headers for the eleven causes of action brought — and

8

1    subsequently dismissed ─ in Plaintiffs' prior complaint.  See ECF No. 54 at 5.

2            In its September 23, 2015 order, the Court explained that Plaintiffs' state law claims must

3    be dismissed because Plaintiffs have not alleged compliance with the California Tort Claims Act.

4    See ECF No. 91.  The CTCA "provides that 'no suit for money or damages may be brought

5    against a public entity [or employee] on a cause of action until a written claim therefor has been

6    presented to the public entity and has been acted upon by the board, or has been deemed to have

7    been rejected by the board . . . .'"  Musaelian v. Sonoma Cnty. Sheriff's Dep't, No. 07-cv-00806-

8    SI, 2007 WL 1864342, at *2 (N.D. Cal. June 28, 2007) (quoting Cal. Gov. Code § 945.4).  Under

9    California law, "failure to allege facts demonstrating or excusing compliance with the claim

10   presentation requirement subjects a claim against a public entity to a demurrer for failure to state a

11   cause of action."  State v. Superior Court, 32 Cal. 4th 1234, 1239 (2004).

12           Plaintiffs again do not include allegations demonstrating or excusing compliance with the

13   CTCA's claim presentation requirement.  Accordingly, the state law tort claims against the Contra

14   Costa Defendants are dismissed.[5]

15           **D.      Claims against Ms. Hahn and Mr. Lupascu**

16           Plaintiffs have failed to identify which, if any, of their claims are brought against

17   Defendants Audrey Hahn and Claudiu Lupascu.  Ms. Hahn and Mr. Lupascu argue that the

18   complaint pleads no plausible claim against them.  Indeed, their motion notes that Ms. Hahn is

19   mentioned only a handful of times in the complaint, based on allegations that she used her

20   "personal relationship" with Randy Champion to disadvantage Plaintiffs, while Mr. Lupascu is

21   mentioned only once, in relation to his sale of an allegedly defective watch.  See ECF No. 103 at

22   5; ECF No. 92 at 2, 8.  They argue that in light of the sparse allegations against them, Plaintiffs

23   have pleaded no plausible claim against them.

24           In their opposition, Plaintiffs respond by offering additional allegations against Ms. Hahn

25   and Mr. Lupascu.  ECF No. 104.  They assert that Mr. Lupascu, while working at Estate

26

27   ─────────────────────
     [5] To the extent that Plaintiffs' claims attempt to plead constitutional violations under the Fourth
28   and/or Sixth Amendments (for example, their claims for unlawful search and seizure and violation
     of privacy and security), the Court has already addressed the validity of these claims above.

United States District Court
Northern District of California

1    Consignments, sold a watch and a watch winder to Nick Amatrone that was allegedly defective,

2    and that Mr. Lupascu also delayed for several months after Plaintiffs returned the watch to him for

3    repair.  Id. at 2.  They assert that "when Mr. Amatrone asked for a new watch winder so he could

4    send the damaged winder and a new one to a UL lab for review . . ., Claudiu instead took the

5    damaged watch winder again without providing any tag for receipt."  Id.

6         Plaintiffs also allege that Mr. Champion created a criminal investigation "based upon

7    falsified documents provided to him by Audrey Han and Claudia [sic] Lupascu."  Id. at 3.  They

8    allege that Mr. Champion coerced Ms. Hahn into identifying Mr. Amatrone in a photo lineup, and

9    that she provided "watch documents" to Mr. Champion with incorrect serial numbers.  Id.  They

10   further allege that Ms. Hahn and Mr. Lupascu "in collusion with Randy Champion conspired to

11   take a civil dispute and turn it into a criminal case."  Id.  Finally, they allege that "[w]hen Mr.

12   Champion provided the report to the judge for issuance of the search warrant and when he entered

13   plaintiff's home looking for a Rolex watch and a watch winder, this was fraudulent information as

14   Audrey Han had already provided these items to him in February."  Id.

15        These allegations do not appear in the SAC, and therefore are not properly before the Court

16   on this motion to dismiss.  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)

17   (noting that "generally the scope of review on a motion to dismiss for failure to state a claim is

18   limited to the [c]omplaint").  Even if these allegations had been properly contained in Plaintiffs'

19   complaint, however, they do not support a plausible claim against either Ms. Hahn or Mr.

20   Lupascu.  As noted above, the Plaintiffs' complaint, liberally construed, pleads Section 1983

21   claims under the Fourth and Sixth Amendments, claims under the ADA and HIPAA, and state law

22   claims for "Unlawful search and seizure," "Falsifying evidence and documents/planting

23   evidence/staging evidence," "Emotional distress," "Assault of a disabled person," "Destruction of

24   real and personal property, theft of property, unlawful seizure of property," "Violation of privacy

25   and security of Plaintiffs' home under the Fourth Amendment of the U.S. Constitution,"

26   "Violation of Plaintiffs' due process rights and rights of equal access to justice," "False

27   imprisonment," "Invasion of privacy," and "Criminal trespass."  Plaintiffs do not mention any of

28   these causes of action in their opposition and do not explain why any of them have been plausibly

United States District Court
Northern District of California

10

1    pleaded against Ms. Hahn or Mr. Lupascu.[6]  Having considered the allegations in both the

2    complaint and Plaintiffs' opposition, the Court concludes that Plaintiffs have failed to plead a

3    claim against Ms. Hahn or Mr. Lupascu.  Accordingly, any claims brought against Ms. Hahn and

4    Mr. Lupascu are dismissed.

5         **E.      Leave to Amend**

6         As noted above, many of Plaintiffs' claims suffer from the same deficiencies identified in

7    the Court's September 23, 2015 order.  These include Plaintiffs' Section 1983 claims under the

8    Sixth Amendment, their Section 1983 claims under the Fourth Amendment for issuance of the

9    warrant, their Section 1983 claims under the Fourth Amendment for the entrance and search of the

10   home against all non-individual Defendants, and their state law claims against all Contra Costa

11   Defendants.  Plaintiffs were given an opportunity to amend their complaint to remedy these

12   deficiencies and were unable to do so.  In light of this, the Court concludes that further leave to

13   amend would be futile, and accordingly dismisses these claims with prejudice.  In addition, the

14   Court has noted that HIPAA does not provide a private right of action.  Because amendment of

15   their HIPAA claims would be futile, the Court also dismisses Plaintiffs' claims under HIPAA with

16   prejudice.

17        Plaintiffs' claims under the ADA, however, have not previously been discussed and

18   dismissed by this Court, and Defendants do not assert that amendment of these claims would be

19   futile.  Plaintiffs' claims under the ADA are therefore dismissed without prejudice.  In addition,

20   the Court has not previously considered Plaintiffs' claims against Ms. Hahn and Mr. Lupascu.

21   Accordingly, Plaintiffs' claims against Ms. Hahn and Mr. Lupascu are dismissed without

22   prejudice.

23        To be clear, while Plaintiffs have been granted leave to amend, this does not allow them to

24   again assert all claims currently contained in their Second Amended Complaint.  Plaintiffs may

25   _____

26   [6] To the extent Plaintiffs intend to argue additional causes of action against Ms. Hahn and Mr.
     Lupascu in their opposition, the Court concludes these causes of action must also fail for failure to
27   state a plausible claim.  See ECF No. 104 at 2 (asserting "negligence on the part of Claudiu" based
     on Mr. Lupascu's allegedly "ignor[ing] Mr. Amatrone's requests for repair estimates and
28   information on the defective watch winder"); Id. at 3 (asserting that Estate Consignments are "not
     within the law for a consignment store").

United States District Court
Northern District of California

1    bring amended claims under section 1983, but only in regards to alleged Fourth Amendment

2    violations during the entrance and search of their home, and only against the individual

3    Defendants.  Any other allegations of constitutional violations are unlikely to be taken under

4    consideration by the Court.  Plaintiffs may also bring claims under the ADA.

5           Lastly, Plaintiffs may bring amended claims against Ms. Hahn and Mr. Lupascu.  In doing

6    so, however, Plaintiffs may not attempt to raise any claims that have already been dismissed with

7    prejudice by this Court.  Moreover, the Court notes that in its September 23, 2015 order, it advised

8    Plaintiffs in the following way:

9           Any amended complaint must specify which allegations and claims are directed
            against each Defendant. Plaintiffs must plead each claim with sufficient specificity
10          to give Defendants sufficient notice of the nature of the claims leveled against
            them. Plaintiffs are advised that a failure to attribute allegations and causes of
11          action to particular defendants may result in dismissal.

12   ECF No. 91 at 16-17.  Plaintiffs' SAC failed to follow these instructions.  Plaintiffs are once again

13   advised that their amended complaint must identify which allegations and claims are directed

14   against each Defendant.  An amended complaint that does not follow the requirements laid out in

15   this section will likely be met with dismissal and denial of further leave to amend.

16                                          **CONCLUSION**

17          For the foregoing reasons, Contra Costa Defendants' Motion to Dismiss is granted.

18   Plaintiffs' Section 1983 claims under the Sixth Amendment and under the Fourth Amendment

19   with regards to the issuance of the warrant, as well as all Section 1983 claims against all County

20   defendants, are dismissed with prejudice.  Plaintiffs' state law claims and HIPAA claims are

21   dismissed with prejudice.  Plaintiffs' claims under the ADA are dismissed without prejudice.

22   Plaintiffs' Section 1983 claims under the Fourth Amendment with regards to the individual

23   Defendants' conduct during the entrance and search of Plaintiffs' home are not dismissed.

24          Ms. Hahn's and Mr. Lupascu's Motion to Dismiss is also granted, without prejudice.  All

25   claims brought against Ms. Hahn and Mr. Lupascu are dismissed without prejudice.

26          An amended complaint must be filed within 21 days of the issuance of this order.

27          Plaintiffs are encouraged to seek the assistance of the Legal Help Center in amending their

28   complaint.  The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796,

United States District Court
Northern District of California

12

United States District Court
Northern District of California

San Francisco, California.  Assistance is provided by appointment only.  Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782–8982.  Plaintiffs may also wish to consult the Northern District of California manual, *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants,* a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

The Case Management Conference currently scheduled for February 24, 2016 is CONTINUED to May 25, 2016.

**IT IS SO ORDERED.**

Dated:  February 18, 2016

_____
JON S. TIGAR
United States District Judge

13