UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RANDY CHAMPION, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-01356-JST<br><br>**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS FOR FAILURE TO EFFECT SERVICE**<br><br>Re: ECF Nos. 119, 123 |

　　　　Before the Court is Plaintiffs' Response, ECF No. 123, to an Order to Show Cause as to why several defendants in this case should not be dismissed from the case due to Plaintiffs' failure to serve them pursuant to Fed. R. Civ. P. 4(m), ECF No. 119.[1]

　　　　The Order to Show Cause explained that Plaintiffs' operative Second Amended Complaint was filed on October 11, 2015, and therefore under Federal Rule of Civil Procedure 4(m), all defendants were required to be served by February 8, 2016.  ECF No. 119 at 1.  The Order to Show Cause, which was issued on February 12, 2016, asked Plaintiffs to file a response as to why the remaining defendants who had not yet been served should not be dismissed from the case.  Id.

　　　　The Court has reviewed Plaintiffs' Response, filed February 21, 2016, as well as various other documents on the docket related to service.  See ECF Nos. 123, 121, 117, 114.  Plaintiffs

---

[1] The Court notes that Plaintiffs have filed a Notice of Appeal, ECF No. 124, regarding the Court's prior Order Granting Motions to Dismiss, ECF No. 122.  While the filing of a Notice of Appeal ordinarily divests the district court of jurisdiction, it does not do so if the Notice of Appeal is defective because it refers to a non-appealable order.  Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007) (citation omitted); Ruby v. Sec'y of U.S. Navy, 365 F.3d 385, 389 (9th Cir. 1966) (en banc).  Because "[a]n order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order," Ruby, 365 F.2d at 387, Plaintiffs' Notice of Appeal does not divest this court of jurisdiction.  In any event, the substance of the present order does not appear to affect the order from which Plaintiffs filed their Notice of Appeal.  See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control *over those aspects of the case involved in the appeal*." (emphasis added)).

assert that defendants Jerry Moore, Officer C. Smith, Rob Marshall, Vic Massenkoff, and Don Hendershot "all have ducked direct service, and or disallowed attorneys of record to accept substituted service." ECF No. 123 at 1.

In their supporting affidavit, however, Plaintiffs state that they have attempted to serve the above defendants by delivering copies to attorneys for various other parties or other unrelated entities. Such actions are not proper attempts at service, and Plaintiffs do not explain why they should be considered as such. For example, Plaintiffs assert that that they attempted to serve Mr. Marshall by delivering a copy of the complaint to Kevin Osterberg, who is counsel for the San Ramon Valley Fire District, a party that has already been dismissed from the case. ECF No. 123 at 5. Likewise, Plaintiffs state that they attempted to serve Mr. Massenkoff and Mr. Hendershot through delivery to Todd Boley, who is counsel for Contra Costa County and other defendants in the case. ECF No. 123 at 6. They did so even after receiving e-mail correspondence, which was submitted to the Court, in which Mr. Boley indicated he was not authorized to accept service on behalf of the additional defendants. ECF No. 117-1. Plaintiffs also assert that they attempted "substitute service" on Mr. Massenkoff and Mr. Hendershot by delivering copies to the Contra Costa County District Attorney's Office on December 29, 2015. ECF No. 123 at 6. However, the Plaintiffs' prior February 8, 2016 filing indicates that this attempted delivery by courier on December 29 was in fact refused. See ECF No. 114. Lastly, Plaintiffs contend they attempted service on Officer C. Smith through delivery to an employee of the Antitrust Department of the Office of the U.S. Attorney General. See ECF No. 123 at 5, ECF No. 114 at 4.

Under Rule 4(m), this Court is required to dismiss defendants who have not been timely served unless good cause has been shown for the delay. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint, the court . . . *must* dismiss the action without prejudice against that defendant." (emphasis added); see also Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) ("By providing that district courts 'shall' dismiss a complaint served over 120 days after its filing unless service took place in a foreign country or good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case."). Having reviewed the materials filed by Plaintiffs, the Court concludes that Plaintiffs have not

1  shown good cause.  Accordingly, defendants Jerry Moore, Officer C. Smith, Rob Marshall, Vic

2  Massenkoff, and Don Hendershot are dismissed from this case without prejudice.[2]

3      IT IS SO ORDERED.

4  Dated:  February 26, 2016

5  _____
          JON S. TIGAR
6            United States District Judge

---

[2] Plaintiffs also assert that they "forsee [*sic*] an additional 9 defendants when discovery determines identiy [*sic*] and an additional amended complaint." ECF No. 123 at 3.  Plaintiffs are reminded that they may amend their pleadings only with the opposing parties' written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).

3