UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT AMATRONE, et al.,

    Plaintiffs,

v.

RANDY CHAMPION, et al.,

    Defendants.

Case No. 15-cv-01356-JST

**ORDER GRANTING MOTIONS TO DISMISS**

Re: ECF Nos. 131, 133

Before the Court are a Motion to Dismiss filed by Audrey Hahn and Claudiu Lupascu, ECF No. 31, and a Motion to Dismiss filed by Randy Champion, Devon Bell, Contra Costa County, and Contra Costa County Fire Protection. The Court will grant the motions.

## I. BACKGROUND

This is the third set of motions to dismiss addressed by the Court in this case. On September 23, 2015, the Court granted in part and denied in part motions to dismiss Plaintiffs' First Amended Complaint ("FAC"). ECF No. 91. On February 18, 2016, the Court granted motions to dismiss Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 122.

Plaintiff's current Third Amended Complaint ("TAC") is somewhat difficult to understand. It consists of four pages of unnumbered factual allegations, followed by what appears to be an unaltered and complete copy of the Plaintiff's previously filed SAC. The four-page "amendment" describes many of the same events previously alleged in prior complaints, albeit occasionally in greater detail, and does not set out causes of action, although it does identify some claimed violations. The Court will begin by reviewing the factual allegations from Plaintiffs' SAC summarized in its prior order, and will then review the four-page additions inserted into the TAC.

### A. Allegations Raised in SAC

Plaintiffs' SAC was filed on October 11, 2015. ECF No. 92. During a dispute between

Plaintiff Robert Amatrone and consignment store owner Audrey Hahn[1] over a Rolex watch and a defective watch winder, Hahn sought assistance from a personal friend, fire investigator Randy Champion. Id. ¶ 1. Champion conducted an investigation and compiled a 160-page report that included misstatements and fabricated documents, which he presented to a Contra Costa County Superior Court judge in order to obtain a search warrant. Id. The judge issued the warrant on March 21, 2014. Id.

On March 24, 2014, Randy Champion and officers of the Contra Costa Sheriff's Office, the Department of Insurance, and the Contra Costa District Attorney's Office barged into Plaintiffs' home at 228 Stone Valley Way, in Alamo, California. Id. ¶ 2. The officers kicked in the door, and entered armed with guns and assault rifles to search the property. Id. They did not provide knock notice before entering the home. Id. Officers pointed a gun at Plaintiff Marla Sharlow's head, pulled her phone away from her, and threw "a soaking wet balled up search warrant copy" at her. Id. The warrant was illegible. Id. Officers pulled Marla Sharlow's son out of the shower naked, pointed two guns at him, and placed him on the floor. Id. They also held the family's dogs at gunpoint. Id.

Investigators used coercive tactics to question Marla Sharlow about her husband. Id. ¶ 4. They lied to her, informed her that there was no spousal privilege, told her that the custody and well-being of her son were at stake, preyed on her mental disability, and forced her to leave the property. Id. During the search, Champion, Devon Bell and employees of the California Department of Insurance, the Contra Costa District Attorney's Office, the Contra Costa Sheriff's Office, and the Contra Costa Fire Department planted evidence, destroyed personal and real property, and used excessive force to restrain Kyle Sharlow and Plaintiff Nick Amatrone. Id. ¶¶ 5-6. They confiscated computers, phones, and files belonging to Nick Amatrone and Marla Sharlow, including attorney-client files and documents belonging to Marla Sharlow's employer. Id. ¶¶ 6-7.

After the search, Plaintiffs sought an order recalling the warrant from the Contra Costa

---

[1] Ms. Hahn's brief refers to her alternatively as "Ms. Hahn" and "Ms. Han."

1  County Superior Court. Id. ¶¶ 8-10. The matter was repeatedly rescheduled and reassigned to
2  different judges. Id. In addition, the Superior Court denied Plaintiffs' request for an advocate
3  pursuant to the Americans with Disabilities Act ("ADA") and, during one hearing, conducted an
4  ex parte conversation with the District Attorney. Id. ¶¶ 8-9. A judge also denied Marla Sharlow's
5  request that her files be returned. Id. ¶ 7. Although a judge ultimately granted Plaintiff Nick
6  Amatrone the return of his phone and computer, Champion refused to return Amatrone's property,
7  saying he did not recall the judge authorizing the return. Id. ¶ 10. As of the date of the filing of
8  the complaint, the property had not been returned. Id.

### B. Additional Allegations Raised in TAC

The operative TAC was filed on March 9, 2016 and adds or alters a number of allegations. ECF No. 129. The TAC alleges that Claudiu Lupascu accepted a Rolex watch from Plaintiff Robert Amatrone in order to secure a repair estimate, but did not perfect one after eleven weeks. Id. at 1. Mr. Lupascu notified Randy Champion of "the watch issue," for which Mr. Champion "invoked Claudiu in an entrapment case over the watch." Id. at 2. The watch was provided to Mr. Champion "with no evidence tag or information regarding the serial number of the watch. Id. The TAC alleges Mr. Lupascu therefore "became a co-conspirator and a party to the fraud." Id.

Ms. Hahn was contacted by American Express in regards to the watch. Id. She then contacted Mr. Champion about the watch, upon which she "was coerced by Mr. Champion to release the watch and work with Mr. Champion to create a criminal case against Robert Amatrone." Id. Both Mr. Lupascu and Ms. Hahn provided information to Mr. Champion "for his fraudulent fishing expedition." Id.

Mr. Champion "smashed in the front door of Mr. Amatrone[']s home and violated his fourth amendment rights" on March 26, 2014. Mr. Amatrone's "family was torn apart" and there was property damage to his home and automobile. Id. Mr. Amtrone's name was "published on the internet as an arsonist and a car thief." Id. He lost a job, his reputation with business relations, and income. Id.

Ms. Bell seized personal documents, checks, and unopened mail from Plaintiffs' home, and this property was never returned. Id. Ms. Bell "was a party to the fishing expedition of

1  Randy Champion by assisting him in completing his 160 page report so a search and seizure could
2  take place." Id.

3  When Nick Amatrone returned home from work, Mr. Champion ordered a fire department
4  employee "to grab Nick, put his arms behind his back and then take Nick's phone and keys out of
5  his pants pocket." Id. at 3. Nick "was steered around by his belt," "pushed up the stairs to his
6  rented room," "pushed out of his room and then shoved down the stairs," and "fell into the wall."
7  Id. The TAC alleges that "Nick is a protected individual under the ADA act of 2008" and that
8  "[t]his is a direct violation of this act and of Nick's 4th amendment rights." Several items were
9  seized from Nick's room. Id.

10 On the same date,[2] Plaintiff Marla Sharlow was working at home when the "door burst
11 open and a gun was pointed at her head." She "witnessed her son pulled naked out of the shower
12 and two officers push him to the ground with guns against his back." Id. The officers threatened
13 to shoot the family dogs and grabbed her phone out of her hand. Ms. Sharlow was threatened,
14 interrogated, and "coerced into saying things about her husband." The officers "spit in her face"
15 and "convinced her" to file for divorce from Mr. Amatrone. Id. The events "have caused her
16 PTSD along with an exacerbation of her condition which is protected under the ADA of 2008 act."
17 Under the direction of Ms. Bell, several documents, a computer, and a phone belonging to Ms.
18 Sharlow's employer were seized, causing her to be unable to do her job and to almost be fired. Id.

19 **C.  Procedural Background**

20 Plaintiffs filed their initial complaint in this action on March 19, 2015, ECF No. 1, and
21 their First Amended Complaint on June 10, 2015, ECF No. 54. On September 23, 2015, the Court
22 addressed six motions to dismiss the First Amended Complaint. ECF No. 91. That order
23 dismissed all of Plaintiffs' claims without prejudice except for their Section 1983 claims against
24 Mr. Champion and Ms. Bell, and their claims under the American Disabilities Act ("ADA").

25 On February 18, 2016, the Court granted two motions to dismiss the Second Amended
26 Complaint. ECF No. 122. The Court dismissed, with prejudice, Plaintiffs' Sixth Amendment

---

[2] Though the TAC states that the events regarding Marla Sharlow occurred on March 24, 2013, the Court believes this is a typographical error. TAC at 3.

4

claims under Section 1983 and their Fourth Amendment claims in regards to the issuance of the search warrant. As in its previous order, it did not dismiss Plaintiffs' Fourth Amendment claims against Mr. Champion and Ms. Bell in regards to events occurring during the entrance into the house. It dismissed Plaintiffs' HIPAA claims with prejudice, and their ADA claims without prejudice, and dismissed without prejudice all claims against Defendants Ms. Hahn and Mr. Lupascu. Id. at 12-13.

Plaintiffs filed their TAC on March 9, 2016. ECF No. 129. Both motions to dismiss were filed on March 23, 2016. ECF Nos. 131, 133. Neither motion was opposed.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.   DISCUSSION

The Court's two prior orders dismissed most of Plaintiffs' claims with prejudice. Currently, Plaintiffs retain Fourth Amendment claims under Section 1983, but only against Mr. Champion and Ms. Bell (not the County or any County entity), and only in regards to the Defendants' entrance into Plaintiffs' house (not the issuance of the search warrant, or other events that occurred before the state court). See ECF No. 122 at 12. In addition, the Court dismissed

Plaintiffs' ADA claims and their claims against Ms. Hahn and Mr. Lupascu, but without prejudice. Id. Plaintiffs were also advised that while they were granted leave to amend a third time, they could not attempt to re-plead any claims dismissed with prejudice.

With this in mind, the Court turns to the TAC. Because the majority of the TAC is identical to the SAC, the Court will consider only the additional four pages of allegations, and refers to its prior February 18, 2016 order in regards to the remainder of the complaint.

Plaintiffs continue to bring Fourth Amendment claims against Mr. Champion and Ms. Bell, and while they no longer bring those claims against any County defendant, they do once again assert allegations of Fourth Amendment violations in regards to the issuance of the search warrant, and the information provided to and by Mr. Champion in support of this warrant. TAC at 2. For the reasons stated in the Court's two prior orders, these allegations are not relevant to any viable claim and will not be considered.

In regards to Plaintiffs' ADA claims, the Court previously explained that these claims were not plausible because Plaintiffs had not identified any title or section of the ADA that was violated, had not alleged that any Plaintiff is a qualified individual with a disability, and had not alleged discrimination based on that disability. ECF No. 122 at 7. Plaintiffs have now pleaded that Nick Amatrone "is a protected individual under the ADA act of 2008 as previously submitted to the court and sealed," but do not identify the basis for this asserted protection or cite to any section of the ADA. TAC at 3. Similarly, they allege that Marla Sharlow suffers from both PTSD and a "condition which is protected under the ADA of 2008 act," but specify no further. TAC at 3. They again do not allege any discrimination based on any protected disability. Accordingly, the Court concludes the TAC does not plausibly plead claims under the ADA, and dismisses all such claims.

Next, Plaintiffs allege that because both Ms. Hahn and Mr. Lupascu purportedly provided information to, and worked with, Mr. Champion in obtaining the search warrant, they were "directly involved in providing false and fraudulent information to Mr. Champion for his fraudulent fishing expedition" and were therefore "directly involved in the violation of Robert Amatrone's 4th amendment rights." TAC at 2. However, as Ms. Hahn and Mr. Lupascu note,

neither Defendant is a government employee. ECF No. 131 at 5. It is therefore unclear how Plaintiffs may bring a Section 1983 claim against them. Moreover, the Court has previously dismissed with prejudice all Fourth Amendment claims based on the issuance of the search warrant to Mr. Champion. Accordingly, the Court concludes that Plaintiffs do not plausibly plead any claims against Ms. Hahn and Mr. Lupascu.

Finally, the Court must consider whether to again grant Plaintiffs leave to amend. If granted, this would be Plaintiffs' fourth opportunity to amend their pleadings. "A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks omitted). The Court's prior order noted the deficiencies in the Plaintiffs' claims dismissed without prejudice, and specifically instructed Plaintiff that they may not again bring any claims dismissed with prejudice. Plaintiffs have not remedied these deficiencies and continue to assert allegations and claims under the Fourth Amendment that were dismissed with prejudice. The Court concludes that further amendment would be futile and therefore grants both motions to dismiss without leave to amend.

In sum, Plaintiffs may proceed with a Fourth Amendment claim under Section 1983 against Mr. Champion and Ms. Bell. This claim is limited to allegations of improper conduct during the entrance of Plaintiffs' house and search and seizure of their property on that date. It does not include any allegations of improper conduct in obtaining the search warrant to enter the house, or any allegations involving any other decision of the state court.

## CONCLUSION

Defendant's motions to dismiss are granted, as specified above. Further leave to amend is denied.

IT IS SO ORDERED.

Dated: June 14, 2016

_____
JON S. TIGAR
United States District Judge