UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RANDY CHAMPION, et al.,<br><br>Defendants. | Case No. 15-cv-01356-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL**<br><br>Re: ECF Nos. 154, 158 |

Before the Court are two motions to compel by Defendants Randy Champion and Devon Bell's ("Defendants"). For the reasons below, the Court will grant the motions.

**I.    BACKGROUND**

This case was first filed on March 19, 2015. ECF No. 1. Since then, there have been three rounds of motions to dismiss and the only claims that remain are against Randy Champion and Devon Bell, individually, for violations of the Fourth Amendment. ECF No. 141 at 7. On December 27, 2016, Plaintiff Robert Amatrone filed a motion to continue all pending depositions to March 2017 and to have them taken in Boca Raton, Florida. ECF No. 151. In response, Defendants filed a letter with the Court explaining Plaintiffs' failure to comply with their discovery obligations, including but not limited to scheduling their depositions. ECF No. 152. On January 10, 2017, the Court denied Plaintiff Robert Amatrone's motion because (1) he failed to satisfy the Court's meet and confer requirements, see Standing Order for All Civil Cases Before District Judge Jon S. Tigar at 2, and (2) the medical information he provided was outdated and did not state the opinion of a physician that he (or his son) were currently unable to participate in litigation activities or travel to California. ECF No. 153. Although the Court took no action as to Defendants' letter, the Court relieved Defendants of their obligation to file a joint letter brief

before filing a motion to compel discovery. Id.

On January 31, 2017, Defendants moved to compel Plaintiffs': 1) initial disclosures, 2) interrogatory verifications, 3) supplemental responses to Defendants' Document Demands, Nos. 2 and 3, and 4) Plaintiff Marla Sharlow's deposition. ECF No. 154 at 1. Defendants did not move to compel Robert or Nick Amatrone's depositions, stating that they agreed to come to California for depositions on February 16, 2017. Id. at 4 n.1. Plaintiffs spend the majority of their (untimely) opposition summarizing the facts of their case. ECF No. 156. They offer no substantive response to any of the requests in Defendants' motion, other than to say that the documents Defendants request are the same documents that were removed in the illegal search and seizure of Plaintiffs' home. Id. at 4 ("Defendants are now requesting all documents from plaintiffs, ironically the boxes of documents removed from plaintiff's home and now being demanded for production by defendants, although plaintiffs have no access or copies of these documents.").

Plaintiffs also attach to their opposition two declarations. Despite Defendants' representation that they agreed to a February 16, 2017 deposition, both Robert and Nick Amatrone state that they will not attend their depositions on March 10, 2017. ECF No. 156 at 6-7. Finally, Plaintiffs' opposition includes a request by Nick Amatrone that this Court appoint him counsel. ECF No. 156 at 1.

On February 24, 2017, Defendants filed a second motion to compel. ECF No. 158. Apparently, after agreeing to the February 23, 2017 deposition dates, Nick and Robert Amatrone notified Defendants that the date was no longer convenient. ECF No. 158 at 4. The parties rescheduled the depositions for March 10, 2017. Id. But then, as mentioned above, in Plaintiffs' opposition to Defendants' *first* motion to compel, Nick and Robert Amatrone stated that they object to appearing for depositions on March 10, 2017. ECF No. 156 at 6-7. That prompted Defendants to file their second motion to compel.[1] Plaintiffs did not respond to that motion by the March 3, 2017 deadline imposed by the Court. ECF No. 160.

---

[1] The Court granted Defendants' ex parte application for an order shortening time on this second motion to compel.

## II. ANALYSIS

### A. Initial Disclosures

The Court grants the motion to compel Plaintiffs' mandatory disclosures. Plaintiffs have provided no reason why they failed to comply with this Rule 26 requirement.

### B. Interrogatory Verifications

The Court grants the motion to compel signed verifications of Plaintiffs' interrogatory responses. Plaintiffs have provided no reason why they failed to comply with this Rule 33 requirement.

### C. Supplemental Responses to Defendants' Document Demands, Nos. 2 and 3

Plaintiffs responded to Document Demands 2 and 3 with the following statements, respectively: "Vague and ambiguous, broad and overzealous and seeks privileged information" and "Seeks privileged information regarding an ongoing lawsuit, broad and overzealous." ECF No. 154 at 7. These boilerplate responses are insufficient responses to Defendants' two discovery requests. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) ("[A] proper assertion of privilege must be more specific than a generalized, boilerplate objection."). To the extent that Plaintiffs now offer a different reason for their failure to respond — that the documents requested were seized by Defendants — Plaintiffs waived that objection by failing to make it in their responses. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)) ("It is well established that a failure to object to discovery requests within the time frame required constitutes a waiver of any objection."). The Court grants Defendants' motion to compel and orders Plaintiffs to provide revised responses to Defendants' Document Requests Nos. 2 and 3.

### D. Depositions

The Court grants the motion to compel the deposition of Marla Sharlow. Plaintiffs' opposition contains no justification for Sharlow's failure to appear for her deposition in the Northern District of California.

The Court also grants the motion to compel the depositions of Nick and Robert Amatrone. Plaintiffs both refer to disabilities that prevent them from appearing, but offer no evidence to

support their assertions. Given that the discovery cut-off in this case is April 22, 2017, the Court orders Nick and Robert Amatrone to appear for their depositions on any weekday of Defendants' choosing that is at least seven days after the date of this order.

### E. Request for Counsel

Plaintiffs' opposition papers include a request by Nick Amatrone that this Court appoint him counsel "due to his disability." ECF No. 156 at 1. To justify this request, Amatrone refers to the "supporting documents" that the Court previously sealed. Id. The Court assumes that Amatrone is referring to the medical documents attached to his First Amended Complaint, which the Court sealed on June 12, 2015. ECF No. 56. Those documents, now nearly two years old, do not constitute "exceptional circumstances" that would justify appointment of counsel now. 28 U.S.C. § 1915(e)(1); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). The court denies this request without prejudice.

Plaintiffs are encouraged to seek the assistance of the Legal Help Center in responding to Defendants' discovery requests. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California. Assistance is provided by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782–8982. Plaintiffs may also wish to consult the Northern District of California manual, Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

### CONCLUSION

Defendants' motions to compel are granted. Plaintiff Nick Amatrone's request for appointment of counsel is denied.

IT IS SO ORDERED.

Dated: March 20, 2017

_____
JON S. TIGAR
United States District Judge