UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RANDY CHAMPION, et al.,<br><br>Defendants. | Case No. 15-cv-01356-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL**<br><br>Re: ECF No. 167 |

Before the Court is Randy Champion and Devon Bell's ("Defendants") motion to compel. ECF No. 167. The Court will grant the motion.[1]

## I. BACKGROUND

This is not the parties' first discovery dispute. Earlier this year, Defendants moved to compel Plaintiffs' 1) initial disclosures, 2) interrogatory verifications, 3) supplemental responses to Defendants' Document Demands, Nos. 2 and 3, and 4) Plaintiffs' depositions. ECF Nos. 154, 158. The Court granted the motions in their entirety. ECF No. 164.

On March 24, 2017, Defendants filed a third motion to compel. ECF No. 167. This motion seeks to compel the following items:

- video footage Plaintiffs claim to have in their possession captured by their home surveillance system, as well as photos, which allegedly show Defendants damaging property and planting evidence at Plaintiffs' residence in March 2014 and which Plaintiffs claim that they intend to rely on at trial;

- an amended response to Defendant Randy Champion's First Set of Document Demands, Demand No. 1;

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument. The hearing on this matter, currently scheduled for April 20, 2017, is hereby VACATED.

- responses to Defendant Devon Bell's First Set of Document Demands;
- supplemental responses to a number of Plaintiffs' responses to Devon Bell's First Set of Interrogatories; and
- verifications in support of Plaintiffs' interrogatory responses to Defendant Devon Bell's First Set of Interrogatories.

Id. at 3. Because fact discovery closes on April 22, 2017, the Court issued an order shortening time on this motion. ECF No. 170. Plaintiffs filed an "Objection" to Defendants' motion on April 4, 2017. ECF No. 171.

## II. ANALYSIS

### A. Videos

During their depositions, Plaintiffs Robert and Nick Amatrone testified that they possessed video footage from their home surveillance system that "allegedly shows Defendants damaging property and planting evidence during the search in March 2014" that is at issue in this case. ECF No. 167 at 4; ECF No. 167-2 at 23-56 (excerpts of Plaintiffs' depositions). Plaintiff Nick Amatrone stated that he intended to rely on the videos at trial. ECF No. 167-2 at 45. In response to Defendants' demand that Plaintiffs produce the videos, Plaintiffs mailed Defendants two compact discs. "One disc, labeled 'exterior camera view', appears to contain some video footage recorded from outside of the home. One disc, labeled 'interior camera view', was received cracked in half. Any data on the disc could not be read." ECF No. 167 at 3. Defendants claim that Plaintiffs have not responded to their subsequent requests for undamaged discs. Id. Plaintiffs contest that they sent a broken disc, or that the disc could have been damaged because "it was packed in a case." ECF No. 171 at 1. Plaintiffs offer to "forward the entire file to [the Court] in a secured format." Id.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), all parties must, in their initial disclosures, produce "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." According to Plaintiffs' own testimony, the videos fall in that category and should have been produced as a part of their initial disclosures. The Court accepts as true Plaintiffs' statement that they carefully

2

packaged the discs and Defendants' representation that they nonetheless arrived damaged. To prevent further complications related to this evidence, the Court orders Plaintiffs to provide an undamaged copy of the damaged disc to the Court, and the Court will mail the disc to Defendants.

### B. Amended Responses to Champion's Document Demand No. 1

Defendant Randy Champion's First Set of Document Demands, Demand No. 1, requested "All DOCUMENTS in your possession relating to the search of Plaintiffs' Alamo home in March 2014 that is the subject of YOUR COMPLAINT." ECF No. 167-2 at 7. Plaintiffs responded that "[a]ll documents have been seized by the DA and DOI and Plaintiff has none in their possession." Id. at 10. But as discussed above, Plaintiffs did have the video footage, which is responsive to this request. Defendants now move to compel Plaintiffs' to amend their responses. The Court will not require Plaintiffs to provide an amended response solely to identify video footage of which all parties are now aware. To the extent Plaintiffs omitted any other responsive documents, however, the Court orders Plaintiffs to amend their responses to Champion's Document Demand No. 1. If there are no other responsive documents, then Plaintiffs should say so.

### C. Written Responses to Bell's First Set of Document Demands

Although they produced "some black and white printed photos" and the two discs described above, Plaintiffs have provided no written responses to Defendant Devon Bell's First Set of Document Demands, served by mail on February 2, 2017. Id. at 3. Written responses are required by Federal Rule of Civil Procedure 34. The Court orders that Plaintiffs respond in writing to Defendant Bell's Document Demands.

### D. Supplemental Interrogatory Responses

Defendants identify several deficiencies with Plaintiffs' interrogatory responses.

In Interrogatories 2 and 3, Defendants requested the identities of the health care providers who consulted on or treated those injuries Plaintiffs allege arose from the March 2014 search. Id. at 17. In response, Plaintiff Marla Sharlow stated that "[m]y medical providers are protected under the HIPPA act." Id. at 61. Because Sharlow put her health at issue by filing this lawsuit, she must identify her medical providers. The Court orders Sharlow to provide the information requested in Defendants Interrogatories 2 and 3.

3

Interrogatory 6 asks each Plaintiff to "IDENTIFY all DOCUMENTS which support YOUR claim or loss or damage and all PERSONS who have information and knowledge about your claim." Id. at 18. Sharlow's response, "[a]lready submitted," is inadequate. Id. at 61. Even if Sharlow has produced the relevant documents, she must list them in response to Interrogatory 6. The Court orders Sharlow to supplement her response. Finally, Defendants claim Sharlow provided no response to Interrogatories 8 through 12. But in the PDF Defendants provide, Sharlow's interrogatory responses are cut off in the middle of her response to interrogatory 8. Id. The Court declines to order Sharlow to respond to this interrogatory when it appears that she may have done so.

Defendants argue that Plaintiff Robert Amatrone's responses to Interrogatories 2 and 3 are insufficient because he identified "Spencer Charlen" and "Gracier" as health care providers but did not provide a job title, employer, work address, or phone number.[2] Similarly, Plaintiff Nick Amatrone identified "Banyham, Mora" without any identifying details. The Court orders Plaintiffs Robert and Nick Amatrone to supplement their responses to include that information.

Defendants challenge Plaintiff Nick Amatrone's response to Interrogatory 6, which asks for the identity of "all persons who have information or knowledge about his claim." Id. at 18. Plaintiff Nick Amatrone's response, which states "[f]amily, my father, myself," is inadequate because "family" is ambiguous. Id. at 63. The Court orders Plaintiff to supplement his response to identify the particular family members with knowledge or information." Defendants challenge Plaintiff Nick Amatrone's response to Interrogatory 9, which asks him to list his "monthly and yearly income for 10 years before the INCIDENT up to the present." Id. at 18. The response, "I was a student then," suggests that Plaintiff earned no income during that period. Id. at 63. Nonetheless, Defendants should not be required to draw inferences from Plaintiff's responses. The Court orders Plaintiff to respond directly to Interrogatory 9. For example, if he had no income during that period, he should state, "I had no income during that period."

---

[2] These facts are included in the definition of "identify." Id. at 17.

4

Finally, Defendants challenge Plaintiff Nick Amatrone's response to Interrogatory 10, which asks him to "state the total income you have lost up to the present as a result of the incident and how the amount was calculated." Id. at 18. The response, "I lost $90k. $90k per year x 3 years+", does not provide the calculation requested by the interrogatory. Id. at 63. The Court orders Plaintiff Nick Amatrone to supplement his response.

### E. Interrogatory Verifications

The Court grants Defendants' motion to compel signed verifications of Plaintiffs' responses to Defendant Devon Bell's First Set of Interrogatories. Under Federal Rule of Civil Procedure 33(b)(3), all interrogatories must be answered "in writing under oath." Plaintiffs must comply with this requirement.

\*\*\*

Plaintiffs are encouraged to seek the assistance of the Legal Help Center in responding to Defendants' discovery requests. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California. Assistance is provided by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782–8982. Plaintiffs may also wish to consult the Northern District of California manual, Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

### CONCLUSION

Defendants' motion to compel is granted except as to Plaintiff Marla Sharlow's responses to Interrogatories 8 through 12. Plaintiffs must mail their amended interrogatory responses and

///
///
///
///
///

signed verification directly to Defendants by May 1, 2017, and must mail a copy of the damaged disc to the Court by May 1, 2017.

IT IS SO ORDERED.

Dated: April 10, 2017


JON S. TIGAR
United States District Judge