UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RANDY CHAMPION, et al.,<br><br>Defendants. | Case No. 15-cv-01356-JST<br><br>**ORDER DENYING MOTION TO SUPPRESS, MOTION TO AMEND, MOTION TO STAY, AND MOTION FOR TERMINATING SANCTIONS**<br><br>Re: ECF Nos. 184, 185, 194, 197 |

Before the Court are three motions from Plaintiffs: a motion to prevent Kyle Sharlow from serving as a witness, a motion to amend the complaint to add additional parties, and a motion to stay the action pending the resolution of Plaintiff Robert Amatrone's criminal case. ECF Nos. 184, 185, 197. Also before the Court is Defendants' motion for terminating sanctions and/or to dismiss Plaintiffs' action with prejudice. ECF No. 194. The Court will deny all motions.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their initial complaint on March 19, 2015. ECF No. 1. Following several rounds of motions to dismiss and amendments to the complaint, the only claims remaining are Plaintiffs' Fourth Amendment claims against Defendants Randy Champion and Devon Bell. ECF No. 91. The claims relate to the alleged misconduct of Defendants during a search of Plaintiffs' home in Alamo, California in March 2014. Id.

On April 22, 2017, Plaintiffs moved to prevent Kyle Sharlow, the son of Plaintiff Marla Sharlow, from testifying as a witness. ECF No. 184. On the same day, Plaintiffs moved to amend their complaint to add Eric Winkler, an employee of the California Department of Insurance, as a Defendant. ECF No. 185. This was Plaintiffs' fourth attempt to amend their complaint, see ECF No. 141, and it came well after the June 29, 2016 deadline for amendment of the pleadings, ECF No. 147. One month later, Plaintiffs moved to stay this case pending the resolution of Plaintiff

Robert Amatrone's criminal case. ECF No. 197.

On May 19, 2017, Defendants moved for terminating sanctions and/or to dismiss Plaintiffs' action with prejudice, citing alleged misconduct by Plaintiffs during discovery. ECF No. 194.

## II. MOTION TO SUPPRESS/MOTION IN LIMINE

Plaintiffs style their motion to prevent Kyle Sharlow from testifying as a "motion to suppress." A motion to suppress is a criminal pre-trial motion, Fed. R. Crim. P. 12(b)(3)(C), and Plaintiffs therefore request relief that is not available in this civil case. Because Plaintiffs appear pro se, however, the Court liberally construes their pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The Court construes Plaintiffs' motion as a motion in limine. The Supreme Court has used "the term [motion in limine] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

Here, Plaintiffs assert that Kyle Sharlow "was present at the time of the incident on 3/26/2014 and will attest to facts as perpetrated on him," ECF No. 184 at 1, but "Plaintiffs duly object to defendants attempting to use Kyle Sharlow as *their* witness." Id. (emphasis added). Their grounds for seeking this relief are that "Kyle is a family member and an attempt to coheres [sic] him at 18 years of age while suffering from duress of gunpoint, removal from the shower placed naked on the floor and on forced to sit on the couch with just a towel in the cold for hours is just another continuation to the vexate and harass the plaintiffs." Id.

Although Plaintiffs' legal argument is unclear, the Court interprets the motion as contending that Sharlow should not be forced to testify *for defendants* because allowing such testimony would somehow work a hardship on plaintiffs; they seem to contemplate using him as a witness in their own case. Id. (stating that Kyle Sharlow "will attest to facts as perpetrated on him"). If this is the basis of plaintiffs' argument, the Court must reject it; the Court cannot allow a witness to give direct testify without also allowing cross-examination.

Nor does the motion present an alternate ground for excluding Kyle Sharlow's testimony. In general, relevant and lawfully obtained evidence may be excluded only where the "probative

2

value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; see also U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000). In fact, by Plaintiffs' own admission, Mr. Sharlow witnessed Defendants' alleged misconduct. Id. It is therefore entirely reasonable for any of the parties, including the Defendants, to seek Mr. Sharlow's testimony.

The Court will deny the motion.

### III. MOTION TO AMEND

Federal Rule of Civil Procedure 16 governs requests to modify a scheduling order after the Court has set a timetable for amending the pleadings. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). Relevant to the inquiry is whether the movant was diligent prior to the deadline and "whether the movant was diligent in seeking amendment once the need to amend became apparent." Jimenez v. R. Sambrano, No. 04-cv-1833 L(PCL), 2009 WL 937042, at *2 (S.D. Cal. Apr. 6, 2009). The possibility of prejudice to the non-moving party "might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).

In its scheduling order, the Court set the deadline to add parties or amend pleadings as June 29, 2016. ECF No. 147 at 1. The Court stated in the order that "[t]he effect of this deadline is to require that any party seeking further amendment . . . demonstrate good cause under Rule 16 of the Federal Rules of Civil Procedure." Id. Plaintiffs have not shown the requisite good cause. Plaintiffs assert that Mr. Winkler's identity was "identified through discovery" but do not explain why Mr. Winkler's identity was not ascertainable before the deadline or when and how they uncovered his identity. ECF No. 185. Therefore, it is impossible for the Court to determine whether Plaintiffs were diligent prior to the deadline or diligent after the need to amend became apparent. See Jimenez, 2009 WL 937041, at *2.

As Plaintiffs have not shown they satisfy the threshold diligence requirement, the Court will deny the motion without considering the existence or degree of prejudice posed by the modification. See Johnson, 975 F.2d at 609.

**IV. MOTION TO STAY**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). However, parallel criminal and civil cases involving the same or closely related facts may implicate Fifth Amendment rights sufficient to warrant a stay of civil proceedings. Id. at 324. "[T]he strongest case for [granting a stay] . . . is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Petrov v. Alameda County, No. 16-cv-04323-YGR, 2016 WL 6563355, at *2 (N.D. Cal. Nov. 4, 2016) (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)). "Although most cases consider a defendant's request to stay civil proceedings, a plaintiff is not absolutely barred from seeking a stay of an action he filed." Lewis v. William Michael Stemler, No. S–13–0574 KJM, 2014 WL 1026593, at *3 (E.D. Cal. Mar. 14, 2014). Nevertheless, "a civil plaintiff has no absolute right to both his silence and his lawsuit." Id. (quoting Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1087-88 (5th Cir. 1980)).

In deciding whether to grant a stay, a court should consider "the extent to which the [moving party's] [F]ifth [A]mendment rights are implicated." Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). The extent is significant if there is a "large degree of overlap between the facts involved in both cases." Roberts v. Brown, No. 13-CV-7461-ODW, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014). A decision maker should also "generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Keating, 45 F.3d at 324-25. "The party proposing a stay

4

bears the burden of proving that a stay is warranted." Petrov, 2016 WL 6563355, at *2. "A court has discretion either to stay the entire proceeding or fashion some other, less drastic way to protect a party's Fifth Amendment rights." Lewis, 2014 WL 1026593, at *3.

The circumstances here do not present the "strongest case" for granting a stay, as it is Plaintiffs, not Defendants, who are seeking the stay. See Petrov, 2016 WL 6563355, at *2. Even in Lewis, the only case the Court has identified in which a court granted the plaintiffs' motion to stay while their criminal case was pending, the defendants had filed a counterclaim. Lewis, 2014 WL 1026593, at *3. Unlike in this case, therefore, the Lewis plaintiffs were in a quasi-defensive posture when they sought a stay.

Nevertheless, the Court still considers whether Plaintiffs have shown their Fifth Amendment rights are sufficiently implicated to warrant a stay. See id. Plaintiffs have not made this showing. Although there is some factual overlap between Plaintiffs' civil and criminal cases, Plaintiffs have not established there is a "large degree of overlap." See Roberts, 2014 WL 3503094, at *2. Moreover, unlike in Lewis, where the court granted the plaintiffs' motion to stay because discovery was about to commence and the plaintiffs' rights were immediately implicated, Plaintiffs here have already been deposed and the bulk of discovery has concluded.[1] See Lewis, 2014 WL 1026593, at *5. Therefore, there is little immediate risk that Plaintiff Robert Amatrone will be forced to choose between exercising his Fifth Amendment rights and pursuing his civil case.

The remaining Keating factors also favor denying the stay. Defendants clearly have an interest in expeditious litigation that weighs against granting a stay. Plaintiffs have made serious allegations of misconduct against Defendants and permitting these allegations to pend for an extended period creates "a danger of denying justice by delay." See Petrov, 2016 WL 6563355, at *5 (quoting Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007). Judicial efficiency also weighs against granting a stay, as the district

---

[1] The deadline for fact discovery expired on April 22, 2017 but, as discussed below, Plaintiffs have several outstanding discovery obligations.

court "ha[s] an interest in clearing its docket" and the case has been pending since March 2015. See Molinaro, 889 F.2d at 903. As there are no third parties with a "direct interest" in the litigation, the fourth factor is neutral. See Petrov, 2016 WL 6563355, at *6. Finally, the fifth factor, the public's interest in the litigation, weighs heavily against granting a stay. If Plaintiffs' allegations of severe misconduct by public officials are true, the public interest is clearly implicated; if the allegations are false, expeditious resolution and the conservation of public resources implicates the public interest as well.

The Court will deny the motion.

## V. MOTION FOR TERMINATING SANCTIONS

Federal Rule of Civil Procedure 37(b)(2) gives a district judge discretion to "'make such orders . . . as are just' in regard to a party's failure to obey a discovery order, including dismissal." Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998). "[S]anctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988)).

The Ninth Circuit has established a five-part test to determine whether a sanction is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Valley Engineers, 158 F.3d at 1057 (quoting Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Engineers, 158 F.3d at 1057. Because Plaintiffs have violated several Court orders, the Court will focus its analysis on factors three and five.

A court may also dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or failure to follow court orders. The test for Rule 41(b) dismissals is nearly identical: the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

6

defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

### A. Factor Three: Risk of Prejudice

Prejudice to the moving party exists if the non-moving party's discovery abuses "impair the [moving party's] ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)).

Plaintiffs have failed to meet several discovery obligations that risk prejudicing Defendants. First, Plaintiffs have not provided Rule 26 initial disclosures, despite multiple orders compelling them to do so. ECF Nos. 164, 181, 183. Initial disclosures are necessary "to avoid surprise [during trial] and the possible miscarriage of justice." 8 Wright, Miller & Kane, Fed. Prac. & Proc. § 2001 (3d ed.) (citing cases); see also Bradford v. Davis, No. 12–cv–01712–AWI, 2014 WL 37325, at *2 (E.D. Cal. Jan. 6, 2014) (concluding that "refusal to provide initial disclosures and provide discovery responses clearly prejudices [d]efendants."). Plaintiffs have also failed to comply with an order compelling them to submit video evidence of Defendants' alleged misconduct, which Plaintiffs Robert and Nick Amatrone claimed to possess during their depositions. ECF No. 181; ECF No. 167 at 4. If this video footage exists, Defendants must be able to view it to defend against Plaintiffs' claims meaningfully.

Plaintiffs have also failed to supply detailed responses to all of Defendants' interrogatories. Although Plaintiffs have partially complied with the Court's orders compelling them to supplement their interrogatory responses, their responses to some interrogatories remain deficient. ECF No. 194-1 at 13-16. Interrogatory 10 asks Plaintiffs to "state the total income you have lost up to the present as a result of the incident and how the amount was calculated." ECF No. 167-2 at 18. In their supplemented responses, Plaintiffs removed Nick Amatrone's response, which the Court had identified as deficient, but Plaintiffs' cursory response as it relates to Robert Amatrone—"250K a year for three years"—still does not explain how the amount was calculated or how the loss of income was connected to the incident. ECF No. 194-1 at 15. Plaintiffs' supplemented response to Interrogatory 6 is similarly deficient. Interrogatory 6 asks Plaintiffs to

identify all documents which support their claim or loss or damage and all persons who have information and knowledge about the claim. ECF No. 167-2 at 18. Plaintiffs supplemented Marla Sharlow's initial response—"[a]lready submitted"—with "[p]hotos of damages," but this response is facially inadequate in light of Plaintiffs' contention during their depositions that they possess video footage which supports their claims. ECF No. 181; ECF No. 167 at 4. Nor does the response list all persons who have information and knowledge about the claim, as the interrogatory requests. Id. These inadequate responses risk prejudicing Defendants, who must know the basis on which Plaintiffs are seeking relief and the evidence Plaintiffs plan to use at trial.

Plaintiffs argue their failure to meet their discovery obligations is not grounds for dismissal because their misconduct is "not willful." ECF No. 196 at 3. However, disobedient conduct that is within "the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994). Basic discovery disclosures and detailed interrogatory responses are within Plaintiffs' control, even though Plaintiffs are pro se. See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) (holding that "[w]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders."). Plaintiffs' assertions of disability, which lack detailed documentation, and a busy work schedule are also insufficient justifications. ECF No. 196 at 3.

This factor therefore weighs in favor of case dispositive sanctions.

### B. Factor Five: Availability of Less Drastic Sanctions

Factor five has three subparts: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." Valley Engineers, 158 F.3d 1057. These subparts are not "conditions precedent" for dismissal, but a court must consider that "a sanction may be unfair if the [non-complying] party could not have realized that it was in jeopardy of so severe a consequence." Id.

The Court has already discussed and tried alternative sanctions. In its third order to compel, the Court ordered monetary sanctions because of Plaintiffs' refusal to comply with basic discovery obligations, such as providing initial disclosures. ECF No. 183 at 2. In the order,

however, the Court did not explicitly warn Plaintiffs that failure to comply could result in the end of their case. Id. Absent this explicit warning, and in light of Plaintiffs' pro se status, it is possible Plaintiffs did not realize they were "in jeopardy of so severe a consequence" as dismissal. Valley Engineers, 158 F.3d at 1057. Although the Court has discussed and tried alternative sanctions, the Court finds this factor weighs against terminating sanctions because of the absence thus far of an explicit warning.

### C. Conclusion

At this time, the possibility Plaintiffs did not realize they were at risk of dismissal outweighs the risk of prejudice to Defendants. However, the Court will use this opportunity to issue a final warning to Plaintiffs: **the Court will dismiss this case unless Plaintiffs provide Rule 26 initial disclosures, copies of any video evidence in their possession, and detailed responses to Interrogatories 6 and 10.** Plaintiffs must comply with these discovery obligations by August 22, 2017, by filing copies of their responses on the Court's electronic docket system and by mailing the DVDs to the Court. The DVDs must be received by August 29, 2017.

## CONCLUSION

The Court will deny Plaintiffs' motion to suppress, motion to amend, and motion to stay. The Court will also deny Defendants' motion for terminating sanctions.

IT IS SO ORDERED.

Dated: August 4, 2017

_____
JON S. TIGAR
United States District Judge