UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, ET AL., <br> Plaintiffs, <br> v. <br> RANDY CHAMPION, et al., <br> Defendants. | Case No.15-cv-01356-JST <br><br> **ORDER DENYING MOTION TO DISQUALIFY** <br> Re: ECF No. 215 |

Before the Court is Plaintiffs' motion to disqualify the undersigned. ECF No. 215 (styled as a "motion for peremptory challenge"). Plaintiffs state that their motion is based "on Code of Civil Procedure Section 170.6," but that provision of California law relates to "[a] judge, court commissioner, or referee of a superior court of the State of California," not to federal judges. The Court construes Plaintiffs' filing as a motion pursuant to 28 U.S.C. § 144.

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Although Plaintiffs sought to have Chief Judge Phyllis Hamilton hear their motion, section 144 permits a challenged judge to rule on the legal sufficiency of the challenger's affidavit and does not require a judge to assign a recusal motion to another judge for hearing where the affidavit is insufficient. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978). Because the facts alleged by Plaintiff are insufficient to justify recusal or disqualification, the undersigned will rule upon the motion rather than undertaking the "cumbersome" step of referring the motion to another judge. Id. at 738.

1    In the affidavits attached to Plaintiffs' motion, each Plaintiff states only that he or she

2    "believes that the Plaintiff cannot have a fair and impartial trial or hearing before this Judge."

3    ECF No. 215 at 2-4.  The motion itself contains no argument, and simply requests that the case be

4    "reassigned . . . due to bias and prejudice against the Plaintiff."  Id. at 1.  These conclusory

5    statements would not permit "a reasonable person with knowledge of all the facts [to] conclude

6    that the judge's impartiality might reasonably be questioned," which is the standard under section

7    144.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).  Accordingly, the motion is

8    denied.

   IT IS SO ORDERED.

Dated:  August 11, 2017

_____
JON S. TIGAR
United States District Judge