UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al., <br> Plaintiffs, <br> v. <br> RANDY CHAMPION, et al., <br> Defendants. | Case No. 15-cv-01356-JST <br><br> **ORDER GRANTING MOTION FOR TERMINATING SANCTIONS AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT** <br><br> Re: ECF Nos. 217, 232 |

Before the Court is Defendants' renewed motion for terminating sanctions. ECF No. 232. Plaintiffs did not file an opposition. The Court will grant the motion and dismiss this case with prejudice. As a result, Defendants' motion for summary judgment, ECF No. 217, will be denied as moot.

**I.   BACKGROUND**

Plaintiffs Robert Amatrone, Nick Amatrone, and Marla Sharlow filed this case on March 9, 2015. ECF No. 1. After three rounds of motions to dismiss, the only remaining claims are Plaintiffs' Fourth Amendment claims against Defendants Randy Champion and Devon Bell. ECF No. 141 at 7.

The parties have a long history of discovery disputes. On January 10, 2017, the Court denied Plaintiff Robert Amatrone's request to continue all depositions and to have all depositions take place in Boca Raton, Florida. ECF No. 151. On March 21, 2017, the Court granted Defendants' motions to compel (1) Plaintiffs' initial disclosures; (2) signed verifications of Plaintiffs' responses to Defendant Champion's interrogatories; (3) supplemental responses to Defendant Champion's Document Demands Nos. 2 and 3; and (4) depositions of all three Plaintiffs. ECF No. 164. On April 14, 2017, the Court sanctioned Plaintiffs $500 for failing to

produce the first and third items required by the March 21 order. ECF No. 183.

On April 10, 2017, the Court granted Defendants' motion to compel (1) video footage from Plaintiffs' home surveillance system that Plaintiffs Robert and Nick Amatrone testified to possessing during their depositions; (2) amended responses to Defendant Champion's Document Demand No. 1; (3) written responses to Defendant Bell's Document Demand No. 1; (4) supplemental responses to Defendant Bell's Interrogatories 2, 3, 6, 9, and 10; and (5) signed verifications of Plaintiffs' responses to Defendant Bell's interrogatories. ECF No. 181. The Court ordered Plaintiffs to "mail their amended interrogatory responses and signed verification directly to Defendants by May 1, 2017," and to "mail a copy of the damaged disc [of video footage from Plaintiffs' home surveillance system] to the Court by May 1, 2017." Id. at 5-6. The Court never received a copy of the damaged disc.

On August 4, 2017, the Court denied Defendants' motion for terminating sanctions. ECF No. 213. The Court found that "Plaintiffs have not provided Rule 26 initial disclosures, despite multiple orders compelling them to do so"; that they "failed to comply with an order compelling them to submit video evidence of Defendants' alleged misconduct, which Plaintiffs Robert and Nick Amatrone claimed to possess during their depositions"; and that they "failed to supply detailed responses to all of Defendants' interrogatories." Id. at 7. The Court explained that "[b]asic discovery disclosures and detailed interrogatory responses are within Plaintiffs' control, even though Plaintiffs are pro se," and that Plaintiffs' "inadequate [discovery] responses risk prejudicing Defendants, who must know the basis on which Plaintiffs are seeking relief and the evidence Plaintiffs plan to use at trial." Id. at 8. The Court further explained that it had "already discussed and tried alternative sanctions" but concluded that Plaintiffs, as pro se litigants, were entitled to an explicit warning "that failure to comply could result in the end of their case." Id. at 8-9. The Court denied Defendants' motion for terminating sanctions but "issue[d] a final warning to Plaintiffs":

> **[T]he Court will dismiss this case unless Plaintiffs provide Rule 26 initial disclosures, copies of any video evidence in their possession, and detailed responses to Interrogatories 6 and 10.** Plaintiffs must comply with these discovery obligations by August 22, 2017, by filing copies of their responses on the Court's

2

electronic docket system and by mailing the DVDs to the Court.
The DVDs must be received by August 29, 2017.

Id. at 9.

Plaintiffs timely filed copies of discovery responses with the Court. ECF No. 223. The Court also timely received two DVDs on August 24, 2017.

Defendants contend that Plaintiffs' most recent discovery responses continue to be inadequate and that the DVDs do not show the footage of home surveillance that Plaintiffs Robert and Nick Amatrone testified to possessing. ECF No. 232 at 11-16. They therefore renew their motion for terminating sanctions. ECF No. 232. Plaintiffs did not oppose the motion.

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 37(b)(2) gives a district judge discretion to 'make such orders . . . as are just' in regard to a party's failure to obey a discovery order, including dismissal." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (alteration in original). "[S]anctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (internal quotation marks and citation omitted). Disobedient conduct that is within "the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994). The Ninth Circuit has established a five-part test to determine whether a sanction is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Valley Eng'rs, 158 F.3d at 1057 (quoting Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)) (alteration omitted).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to follow court orders. The test for Rule 41(b) dismissals is nearly identical: The court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

3

"[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Eng'rs, 158 F.3d at 1057. Prejudice to the moving party exists if the non-moving party's discovery abuses "impair the [moving party's] ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131. Factor five has three subparts: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." Valley Eng'rs, 158 F.3d 1057. These subparts are not "conditions precedent" for dismissal, but a court must consider that "a sanction may be unfair if the [non-complying] party could not have realized that it was in jeopardy of so severe a consequence." Id.

## III. DISCUSSION

The Court has reviewed the DVDs submitted by Plaintiffs, and they do not show the internal surveillance footage that Robert and Nick Amatrone claimed to possess during their depositions. Because the Court ordered Plaintiffs to produce "copies of any video evidence in their possession," ECF No. 213 at 9, Plaintiffs' failure to produce internal surveillance DVDs violates the Court's order if Plaintiffs had such evidence in their possession. Plaintiffs' supplemental discovery responses state that "no other copy [of the surveillance footage] has been able to be located."[1] ECF No. 223 at 7. Plaintiffs cannot produce what they do not possess, and the Court does not find their failure to produce internal surveillance DVDs to warrant dismissal of the case.

However, Plaintiffs' written discovery responses are still insufficient. First, the interrogatory responses continue to be unverified, except as to Marla Sharlow. The purported verifications submitted by Plaintiffs do not contain actual signatures and instead only indicate "/s/" followed by each Plaintiff's typewritten name. ECF No. 223 at 9-11. The documents were

---

[1] The Court accepts this representation even though Plaintiffs' Rule 26 disclosures list "DVD of interior security cameras Boca Raton FL" as a document supporting their claims. ECF No. 223 at 2. In addition, Robert Amatrone testified at his deposition that Plaintiffs "produced [the video] to Judge Tig[a]r for safekeeping," ECF No. 232-1 at 11-12, but the Court has not received a copy of any video showing internal surveillance of Plaintiffs' home.

4

electronically filed by Marla Sharlow, which is sufficient to deem her verification signed under Civil Local Rule 5-1(i)(1)-(2). But Sharlow has not "attest[ed] that concurrence in the filing of the document has been obtained from each of the other Signatories" as required by Civil Local Rule 5-1(i)(3), so the documents are therefore not deemed to have been signed by Robert or Nick Amatrone. Plaintiffs have repeatedly failed to submit verified interrogatory responses in this case. See ECF No. 164 at 3; ECF No. 181 at 5 (both granting Defendants' motions to compel signed verifications of Plaintiffs' interrogatory responses). See Gilmore v. Augustus, No. 1:12-CV-00925-LJO, 2015 WL 4430478, at *3 (E.D. Cal. July 20, 2015) (issuing an order to show cause why default should not be entered against a defendant because his "unverified responses are inadmissible as evidence, and Plaintiff cannot use them for purposes of summary judgment and trial.").

Second, and more significantly, Plaintiffs' discovery responses remain substantively inadequate. For example, the Court ordered Plaintiffs to provide "detailed responses to Interrogatories 6 and 10" after explaining that "Plaintiffs' cursory response as it relates to Robert Amatrone – '$250K a year for three years' – still does not explain how the amount was calculated or how the loss of income was connected to the incident." ECF No. 213 at 7, 9. Plaintiffs' supplemental response cures the second deficiency by explaining Robert Amatrone's theory as to how his loss of income was connected to the incident, but it fails to cure the first. The supplemental response states only that "Robert Amatrone is a self employed general contractor for 30 years. He has estimated his loss of income based upon his previous normal yearly income." ECF No. 223 at 7. This response is not detailed; it does not, for instance, provide any explanation or supporting documentation concerning Robert Amatrone's prior "normal" annual income.

Defendants are most prejudiced by Plaintiffs' failure to produce documents relating to their claims. Rule 26 requires initial disclosure of:

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; [and]

5

> (iii) a computation of each category of damages claimed by the
> disclosing party – who must also make available for inspection and
> copying as under Rule 34 the documents or other evidentiary
> material, unless privileged or protected from disclosure, on which
> each computation is based, including materials bearing on the nature
> and extent of injuries suffered;

Fed. R. Civ. P. 26(a)(1). Plaintiffs' disclosures list several categories of documents, with "Boca Raton Fl" listed as the location. ECF No. 223 at 2. But the only documents Defendants have received during discovery are "some poor quality black-and-white photographs purporting to show damage to [Plaintiffs'] home, authorizations to obtain a handful of Marla Sharlow's medical records, and a few W-2 forms documenting Sharlow's earnings for a limited period of time." ECF No. 232-1 ¶ 11. Plaintiffs have failed to produce any other documentation – even after this Court granted Defendants' motions to compel Plaintiffs' responses to several document requests. See ECF No. 164 at 3; ECF No. 181 at 3. Plaintiffs have also failed to "make available for inspection and copying" any of "the documents or other evidentiary material . . . on which each computation of [damages] is based," as required by Rule 26(a)(1)(iii). They have provided no documentation concerning Robert Amatrone's claimed loss of income. Nor have they provided any documentation to support their allegations of other claimed damages, including $270,000.00 in "Loss of value" to the home, $31,095.00 in "Damages to Home," $46,000.00 for "Moving expenses Marla Sharlow and rental apartment and furniture for one year," $20,000.00 for "Missing Jewelry," $1,200.00 for "Coffee expresso machine," and various other claims for lost or damaged personal property. ECF No. 223 at 3.

The Court must consider the risk of prejudice when determining whether to enter sanctions under Rule 37(b)(2) or to dismiss a case under Rule 41(b). As the Court previously explained, Plaintiffs' "inadequate [discovery] responses risk prejudicing Defendants, who must know the basis on which Plaintiffs are seeking relief and the evidence Plaintiffs plan to use at trial." ECF No. 213 at 8. Plaintiffs' repeated failure to respond adequately to discovery requests, including in the face of this Court's orders, continues to prejudice Defendants. Plaintiffs' unwillingness to meet and confer regarding pretrial matters, as required by this Court's Standing Order for Civil Jury Trials, further prejudices Defendants. ECF No. 232-1 ¶ 9 & Ex. C. This factor therefore continues to favor dismissal.

The Court must also consider the availability of less drastic sanctions. When denying Defendants' prior motion for terminating sanctions, the Court found that alternative sanctions had been discussed and tried, but that "this factor weighs against terminating sanctions because of the absence thus far of an explicit warning" about the possibility of dismissal. ECF No. 213 at 8-9. The Court's August 4, 2017 order contained that explicit warning, id. at 9, and Plaintiffs have still failed to comply with their discovery obligations and this Court's orders. Consequently, this factor now weighs in favor of dismissal.

In light of all of the above, and that Plaintiffs failed to oppose Defendants' renewed motion for terminating sanctions, the Court finds it appropriate to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

## CONCLUSION

Defendants' motion for terminating sanctions is granted, and Defendants' motion for summary judgment is denied as moot. This case is dismissed with prejudice. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 16, 2017

_____
JON S. TIGAR
United States District Judge